## Bacon *against* Brown and others.

*A*, being seised in fee of certain real estate, executed a deed thereof to *B*, to which the following condition was annexed: " The condition of the above deed being, that in case *A* pays to *B* the sum of 1600 dollars, with interest from the date of this writing, on or before the 1st of *January* 1843, then this deed shall be void and of no effect, otherwise to remain in full force." This deed was duly recorded; and *A* afterwards mortgaged his interest in the premises to *C*, to secure a debt due to him. On a bill of foreclosure brought by *B*, he offered parol evidence to prove, that immediately before the deed to him was executed, there was a settlement between *A* and *B* of their concerns, and there was found due from *A* to *B*, by sundry notes and drafts, and for moneys advanced, about 1100 dollars; that *A* and *B* thereupon agreed, that *B* should advance to *A* such further sum as, with such previous indebtedness, would make up said sum of 1600 dollars; that *B* should surrender to *A* such notes, drafts and other evidences of debt; and that *A* should then secure the amount, by a mortgage of the premises; that this arrangement was carried into effect, by the execution of the deed in question; and that no other secu-

rity existed, at that time, for the indebtedness of *A* to *B.* Held, 1. that the circumstances under which the deed was executed, being consistent therewith, were provable by parol evidence ; 2. that the deed was a mortgage, as contradistinguished from a conditional sale ; 3. that the record of it gave notice, with reasonable certainty, of the nature and amount of the incumbrance created thereby ; 4. that consequently, it was a valid security, not only as against the mortgagor, but as against subsequent incumbrancers.

*Qu.* Whether a deed of real estate, conditioned for the payment of a certain sum, will, in the absence of any other security, support an action for the recovery of such sum.

THIS was a bill in chancery, praying for a foreclosure of mortgaged premises. *Joseph Brown,* one of the defendants, alone appeared, and filed a cross-bill and answer.

On a hearing of the cause before the superior court, at *Hartford, January* term 1848, on the bill, cross-bill and answer, the following facts were found ; which are all that are material relating to the questions made by the parties.

On the 27th of *January* 1842, *Henry W. Bacon,* being seised in fee of one undivided half of a certain parcel of land in the city of *Hartford,* executed and delivered to the plaintiff a deed thereof, in the usual form, to which the following condition was annexed : " The condition of the above deed being, that in case the aforesaid *Henry W. Bacon* pays to *Leonard H. Bacon* the sum of sixteen hundred dollars, with interest from the date of this writing, on or before the 1st of *January* 1843, then this deed shall be void and of no effect, otherwise to remain in full force." This deed was recorded on the 14th of *January* 1845. *Henry W. Bacon,* afterwards, by his deed dated *July* 30th 1845, mortgaged his interest in the premises to *Davis, Brown & Nutter,* who subsequently assigned their mortgage to the defendant *Brown.*

The court further found, upon parol evidence alone, subject to the opinion of this court as to its admissibility, that before the deed to the plaintiff was executed and delivered, *Henry W. Bacon* was indebted to the plaintiff, by sundry small notes and drafts, and for moneys paid for his use, at sundry times ; that on the day of the date of the deed, they met, and had an adjustment and settlement of their concerns ; and that there was found due to the plaintiff about 1100 dollars. It was thereupon agreed, that the plaintiff should advance to said *Henry W.* such further sum, as would make his indebtedness amount to the sum mentioned in the condition of the

deed; and that the plaintiff should surrender up to said *Henry W.* his notes, drafts and other evidences of prior indebtedness; and that said *Henry W.* should secure the whole indebtedness, including the amount then due and the further sum to be advanced, by his mortgage upon the premises. The plaintiff accordingly made such advancement and surrender, and said *Henry W.* executed and delivered the deed in question to the plaintiff. No other security for the debt existed, at the time of the delivery of the deed, than that contained therein. *Henry W. Bacon* afterwards died, insolvent; and no part of the sum mentioned in the condition of the deed has ever been paid.

The superior court thereupon reserved the case, on the question as to the admissibility of the parol evidence, and as to the decree to be passed, for the advice of this court.

*Hungerford* and *Matson*, for the plaintiff, after remarking, that the deed upon which the plaintiff's suit is founded, was given as securiy for a debt still subsisting; and that no other evidence of or security for the debt, was taken, by the plaintiff, than that which the deed furnishes, contended, 1. That the decisions in this state establish the validity of this deed as a mortgage, both as against the grantor, and as against third persons. *Pettibone* v. *Griswold*, 4 *Conn. R.* 158. *Stoughton* v. *Pasco*, 5 *Conn. R.* 442. *Shepard* v. *Shepard*, 6 *Conn. R.* 37. *Crane* v. *Deming*, 7 *Conn. R.* 387. *Hubbard* v. *Savage*, 8 *Conn. R.* 215. *Booth* v. *Barnum*, 9 *Conn. R.* 286. *Sanford* v. *Wheeler*, 13 *Conn. R.* 165. *North* v. *Belden, Id.* 376. *Hart* v. *Chalker*, 14 *Conn. R.* 77. *Chester* v. *Wheelwright*, 15 *Conn. R.* 562. *Frink* v. *Branch*, 16 *Conn. R.* 260. *Merrills* v. *Swift*, 18 *Conn. R.* 257. The principles involved in these cases, are, 1st, that the condition of the deed must give reasonable notice upon the record of the incumbrance on the mortgaged premises; 2dly, that this reasonable notice does not require, that the condition should be so definite as to preclude the necessity of extraneous inquiry, but must be such as to enable a person, by the exercise of ordinary discretion and diligence, to ascertain the incumbrance; and 3dly, that the notice thus required is to be taken with reference to the nature of the claim intended to be se-

*Hartford,*
*June, 1848.*

Bacon
*v.*
Brown.

cured. The present deed is in conformity with all these principles.

2. That this deed having been given as security for a debt, is to be considered in the light of a *mortgage*, and not as a *conditional sale* of the premises, so as to be irredeemable, after the expiration of the time limited in the condition. *Manlove* v. *Ball,* 2 *Vern.* 84. *Longuet* v. *Scawen,* 1 *Ves. sen.* 402. *Conway's* exrs. v. *Alexander,* 7 *Cranch* 218. *Hughes* v. *Edwards,* 9 *Wheat.* 489. *Strong* v. *Stewart,* 4 *Johns. Ch. R.* 167. *Robinson* v. *Cropsey,* 6 *Paige* 480. *Holmes* v. *Grant,* 8 *Paige* 243. *Palmer* v. *Guernsey,* 7 *Wend.* 248. *Cooper* v. *Whitney,* 3 *Hill* 95. *Brown* v. *Dewey,* 1 *Sand. Ch. R.* 56. *Edrington* v. *Harper,* 3 *J. J. Marsh.* 356. *Secrest* v. *Turner,* 2 *J. J. Marsh.* 471. *Skinner* v. *Miller,* 5 *Litt.* 84.

3. That the validity of this deed as a mortgage, is sanctioned by general and immemorial usage in this state. Our town records, especially of an early period, are full of mortgages drawn like this; (a) and their validity has never been questioned.

4. That parol testimony was admissible to prove that the deed was given as security for a debt. *Page* v. *Foster,* 7 *N. Hamp.* 292. 1 *Hilliard's Dig.* 382. And see most of the cases referred to on the second point.

*Welles* and *Fellowes,* for the defendant *Brown,* contended, 1. That admitting the deed from *Henry W. Bacon* to the plaintiff was intended as a mortgage between the parties, yet it was void as against *Brown.* For, in the first place, by our registry law, the deed must shew the indebtedness to be secured—its nature and extent, as well as the fact of its existence—with reasonable certainty. *Pettibone* v. *Griswold,* 4

(a) The junior counsel for the plaintiff referred to 13 mortgages in the 1st vol. *Hartford* town records, 4 in about fifty pages of the 2nd vol., 1 in the 9th vol., 1 in the 10th, 11 in the 21st, (of which 8 were found in the compass of 100 pages,) and 5 in the 28th, extending from 1702 to 1807, which he had examined and taken extracts from, where the condition stated the amount of the debt only, without the mention of or a reference to any other security than the deed itself. He also referred to a mortgage deed of the same character in the town of *East-Hartford,* as late as 1823. He stated further, that he had been informed, by professional gentlemen in different parts of the state, that the practice of drawing mortgage deeds in this form, had there extensively prevailed.

*Conn. R.* 158. *Stoughton* v. *Pasco,* 5 *Conn. R.* 442. *Shep-*
ard v. *Shepard,* 6 *Conn. R.* 39. *Sanford* v. *Wheeler,* 13
*Conn. R.* 165. *North* v. *Belden, Id.* 380. *Hart* v. *Chalker,*
14 *Conn. R.* 77. *Merrills* v. *Swift,* 18 *Conn. R.* 257. (*a*)
Secondly, the deed in question shews neither the amount of
the indebtedness, nor its nature, nor even the fact of its ex-
istence. Thirdly, it is, upon its face, a mere defeasible con-
veyance. *Com. Dig. tit.* Chancery, 4 *A.* 3. *Reading* v.
*Weston,* 7 *Conn. R.* 146. *James* v. *Johnson,* 6 *Johns. Ch.
R.* 417. *Dey* v. *Dunham,* 2 *Johns. Ch. R.* 189. *Williams*
v. *Owen,* 5 *Har. Dig.* 982.

3. That a decree ought to be passed, postponing the plain-
tiff to *Brown,* and allowing him to foreclose the subsequent
mortgagees, on his paying *Brown's* claim.

WAITE, J. That the deed from *H. W. Bacon* to the plain-
tiff is good, as between the original parties, is admitted. But
it is insisted, that it is not so, as against the defendant,
*Brown,* a subsequent incumbrancer, because it does not suffi-
ciently shew, either the *amount* of the indebtedness, its *na-
ture,* or even the fact of its *existence.*

Cases involving the validity of mortgage deeds have been
so frequently before this court, that the rules applicable to
them, have become as well settled, as the nature of the sub-
ject will admit of. But little more remains to be done, than
to apply those rules to the individual cases as they arise.

The rule applicable to the present case, is, that the deed
must be so drawn that the record of it will give notice, with
reasonable certainty, of the nature and amount of the in-
cumbrance upon the property. Is the condition of this deed
in accordance with the requirements of that rule?

And first, with respect to the *existence* and *amount* of that
indebtedness. It is true, it is not stated, in so many words,

(*a*) The senior counsel for the defendants, after reviewing these decisions,
and showing the importance of a steadfast adherence to the principle on which
they rested, and the manner in which the court had thus far proceeded, case
after case, to fortify and illustrate that principle, closed his argument with the
following quotation :

——————————" *Serveter ad imum,*
*Qualis ab incepto, processerit, et sibi constet."*
Hor. De Art. Poet. v. 126.

that the mortgagor actually owed the plaintiff the sum of 1600 dollars. But that fact is sufficiently implied. Suppose the condition had been, that the deed should be void, upon payment of a specified note, executed by the mortgagor; would any one doubt that there was an indebtedness on account of that note, although that assertion was not made in the deed, in express terms? The deed in question must operate, either as a sale, with a right to repurchase upon the payment of the specified sum, or as a mortgage for the security of that sum. It was competent for the parties to make either contract, at their pleasure; and the only inquiry now is, which have they made? As creditors sometimes take undue advantages of the necessities of their debtors, the leaning of courts has been against such sales, and doubtful cases have generally been treated as mortgages. *Conway's* exrs. v. *Alexander*, 7 *Cranch*, 218. This deed, upon its face, clearly indicates an intent to create a mortgage, and nothing more. It has all the formalities usual in such cases, except that it shows no covenant or agreement, creating a personal obligation for the payment of the sum specified in the condition. Although that circumstance favours the construction that it was to operate as a sale, yet it is by no means conclusive upon that subject. *Hughes* v. *Edwards*, 9 *Wheat.* 489.

To constitute a mortgage, the conveyance must be made to secure the payment of a *debt*. But it is not necessary that, in all cases, there should be a personal liability for the payment of that debt, in addition to the security created by the mortgage. It is competent for the parties to make such bargain upon this subject as they please. They may agree that the mortgagee shall advance the loan, and rely solely, for his security, upon the pledge of the real estate. He can then obtain satisfaction, only by appropriating the pledge in payment of his debt. *South Sea Company* v. *Duncomb*, 2 *Stra.* 919. On the other hand, if the mortgage is given as security for an existing debt, which is not secured by any bond, note or covenant, the mortgage will not operate to exonerate the debtor from his personal liability, unless it is expressly so stipulated. And in a very recent case, the court of *Queen's Bench*, in *England*, held, that where money was advanced at the request of another, who mortgaged real estate to secure the payment, the contract raised by parol for

the repayment of the debt, was not merged in the security, created by the mortgage deed ; and that the creditor might maintain an action of *assumpsit*. *Yates* v. *Aston*, 4 *Ad. & El. N. S.* 182. (45 *E. C. L.* 182.) (*a*)

Whether in the present case, the deed, upon its face, furnishes sufficient evidence to support an action for the recovery of the debt specified in the condition, is immaterial, as in either view, it will operate as a mortgage, and not as a sale. Indeed, it is not seriously claimed, on the part of the defendant, that the deed operated as a sale, as such a construction would be fatal to his interest in the property. It is only by treating it as a mortgage, that the subsequent mortgage can be sustained.

It is further insisted, that the condition of the deed, does not sufficiently show the *nature* of the indebtedness ; and upon this question only have we had any doubts. It is usual, in modern times, for the mortgagor to give a note or other obligation for the payment of the debt, and then to execute a mortgage deed, as collateral security. But the practice upon this subject has by no means been uniform. Formerly, mortgages were frequently given in the form of the one now under consideration ; and the records of our towns and of our courts, will furnish numerous cases of mortgage deeds like the present. No question, until the present case, has, to our knowledge, ever been made, as to their validity, not only as against the mortgagor, but all others claiming titles subsequently. This general practice and acquiescence are not conclusive as to the law, but furnish strong evidence of the general understanding upon the subject.

We think the deed, upon its face, sufficiently shows, that at the time of its execution, there was a liquidated debt, due from the mortgagor to the plaintiff, of the amount specified in the condition ; and from the circumstance that no mention is made of any note or other written security for the same, the fair presumption is, that there was none. If such was the fact, why does not the condition of the deed give reasonable notice of the nature of the debt—a liquidated debt—of

(*a*) A decision to the same effect, by Judge *Daggett*, in the case of *House* v. *Keeney*, *Hartford* county, *September* term 1829, was cited in argument, by the counsel for the plaintiff.

the specified amount—and bearing interest from the date of the deed? A majority of the court are of opinion that it does.

Thus far, we have considered the deed, as it appears upon its face, irrespective of any extrinsic evidence. But another question is presented upon the record; and that is, whether the parol evidence was admissible? It is difficult to see upon what ground it can be considered as objectionable. It was not offered for the purpose of proving any matter inconsistent with the deed, but to show the truth of the facts therein stated. The object of the plaintiff was, to prove that the mortgagor, at the time of the execution of the deed, actually and truly owed him the sum for which the deed was given as security; and that the debt was of the character and description implied from the deed itself. There is no weight in this objection; and indeed, it has been but faintly urged on the part of the defendants.

Our advice, therefore, is, that the parol evidence was properly received; and that the plaintiff, upon the facts found by the court below, is entitled to a decree of foreclosure against the defendants.

In this opinion CHURCH, Ch. J., and HINMAN and ELLSWORTH, Js. concurred.

STORRS, J. dissented, on the ground that, according to the decisions of this court on the subject of mortgages, the condition of the mortgage to the plaintiff, in this case, does not sufficiently describe the nature or character of the indebtedness intended to be secured, to constitute it a valid security against subsequent incumbrances: and that, as those decisions establish, in this respect, a very important rule of property, they cannot, with a due regard to rights supposed to be acquired under them, be departed from, and therefore ought to be adhered to.

Decree for plaintiff.