EDWARD E. HALL AND ANOTHER vs. PHILANDO ARMSTRONG.

The plaintiffs, while carrying on the grocery business in a store leased by them, took from the defendant a deed of a right of way from the street to the rear of the store, which contained the following limitation: —" To hold said right of way so long as they shall occupy said building for the grocery business now carried on by them." They afterwards failed and a corporation was formed to carry on the business, which purchased the stock of goods and the lease and employed the plaintiffs to assist in conducting the business, one of them being made chief manager. The plaintiffs were not stockholders of the company, and were not carrying on the business on their own account under cover of the corporation. Held that the right of way ceased when the plaintiffs ceased to carry on the business as owners of it.

[Argued December 3d, 1885—decided January 4th, 1886.]

ACTION for an injunction to prevent the obstruction of a way; brought to the Court of Common Pleas. Facts found and case reserved for advice. The facts are fully stated in the opinion.

*T. E. Doolittle* and *W. L. Bennett*, for the plaintiffs.

*J. W. Alling* and *G. R. Cooley*, for the defendant.

LOOMIS, J. On the 21st of November, 1883, while the plaintiffs as partners were carrying on the grocery business at a store leased by them fronting on Chapel street in New Haven, they obtained from the defendant the grant of a right of way over his land from Orange street to the rear of their store. The deed, after describing and locating the way, contained this limitation:—" To have and to hold the said right of way unto them the said Edward E. Hall and Edward E. Hall, Jr., and the survivor of them, so long as they or either of them shall occupy said building on Chapel street, belonging to Olivia H. English, for the grocery business now carried on by them."

On the 2d of February, 1885, the plaintiffs failed in busi-

ness and made assignments of all their property in insolvency for the benefit of their creditors, and the trustee took possession of all the goods and fixtures in their store. Thereupon certain persons, from motives of friendship for the plaintiffs, formed a joint stock corporation under the corporate name of " The Edward E. Hall & Son Company," with a paid up capital of fifteen thousand dollars. The purpose, as expressed in the articles, was to carry on in New Haven a general grocery business, both at wholesale and retail. No mention was made of the store where the business was to be carried on, nor that the object was to employ or benefit the plaintiffs in any way. But it was found (subject to objection as to its admissibility) that there was an oral understanding that after the payment of six per cent. dividends to the stockholders, if earned, the balance of the net profits should belong to the plaintiffs as compensation for their services in the management of the business at the store.

The corporation was legally and honestly organized, and was not intended to cover property of the plaintiffs. The corporation purchased of the trustee all the goods and fixtures, and took possession of the store on the 14th of February, 1885, and has ever since carried on the grocery business in the store, and the plaintiffs from the time of their failure have ceased to carry on the business as owners. The plaintiffs are not officers, directors or stockholders of the corporation, but assist in carrying on the business, and one of them is general manager.

Upon these facts the contention of the defendant is that the right of way granted by him no longer exists, because the grantees and each of them have ceased to occupy the store referred to for the grocery business which they carried on when the grant was made; and therefore he obstructed the way and did the acts in relation to it for which the complaint was brought.

From the nature and limitations of the grant it is very clear that when each of the plaintiffs cease to occupy the store for the grocery business the right of way also ceases.

It is not a way appurtenant, which is incident to an estate in land, inheres in it, and goes by transfer with it as a thing essential to its enjoyment; but it is what is called a right of way in gross, which is personal to the grantee, and, being so, it cannot be made assignable or inheritable even by words in the deed to that effect. 6 Wait's Actions and Defenses, p. 348; *Boatman* v. *Lasley*, 23 Ohio St., 614; Washburn on Easements, 3d ed., p. 10, § 11. It is also laid down by high authority that such a right of way is so exclusively personal that the owner of the right cannot even take another person into partnership with him. 3 Kent's Comm., 9th ed., side p. 420.

But the exigencies of this case do not require us to resort to the technical distinctions of the law as to ways. The parties expressed their meaning so clearly that any person of ordinary intelligence, though an utter stranger to legal distinctions, could not fail to understand that the duration of the way is limited to the personal occupation of the plaintiffs or one of them for the grocery business. The plaintiffs evidently so understood it, for when they brought this suit they distinctly alleged in the complaint an actual occupation by them as the foundation of their alleged right. The pivotal fact of the case therefore is the single question of continued occupation by the plaintiffs. It seems to us that this question has been settled as matter of fact against the plaintiffs by the positive finding of the trial court, that " on February 14th, 1885, said trustee, then in possession of said stock of goods and store fixtures in said store, sold the same to a joint stock corporation located in said New Haven and duly organized according to law, and known as The Edward E. Hall & Son Company. Said corporation thereupon took possession of said stock of goods, fixtures, store and business, and at once commenced to carry on a grocery business in said building, and have ever since continued so to do. * * * No grocery business but that of said corporation is carried on in said building."

But were we called upon to review this finding as to the occupancy in the light of other special facts found, we should be unable to reach a different result.

It was urged in argument that there has been no apparent change as to occupancy, because the plaintiffs in person are present in the store and wait on the customers as before. But under the grant the question is not one of apparent but of actual occupancy. It is a matter that does not concern the public, but affects only the immediate parties, and it is to be determined by words of limitation which the parties themselves adopted. It is obvious that the terms of the grant cannot be satisfied with the mere bodily presence of the plaintiff, nor with the fact that they handle the goods and wait on the customers. The thing which the parties contemplated was the controlling mind of the plaintiffs, who were to direct the manner and extent of the business. They were to be there not as mere servants but as masters. It is impossible to make the corporation identical with the plaintiffs, without assuming that the scheme was a fraud; but this is distinctly negatived. The corporation is not in possession for one purpose and the plaintiffs for another. The former alone is master, and may direct the business in every respect, and may at any time dismiss the plaintiffs as its hired servants.

But it is further claimed that the plaintiffs are tenants of the store and therefore in possession. It is found that after 1879 and until the plaintiffs' failure the latter had no written lease and the only verbal one was a tenancy from month to month. The only pretence of a lease after the failure is founded solely on a casual remark of the owner before the failure to one of the plaintiffs, in reply to a suggestion by him that they might have to go into insolvency, and that it was very uncertain about their being able to continue the business; and to some inquiry about the store the owner said "That is all right Ed., you can stay there as long as you choose." It is idle to make out a tenancy from this remark, especially in view of the further finding that "no special contract or agreement has been made since the formation of said corporation, between the owner of said building and the plaintiffs, or between said owner and said corporation, or between said Halls and said corpora-

tion, in regard to leasing said building; but the rent for said building since the formation of said corporation has been paid to the owner in monthly installments, in part by groceries from the store of said corporation, and by checks of said corporation for the balance, payable to the order of the owner, and signed 'The Edw. E. Hall & Son Company, E. E. Hall, Jr., Supt.' No rent account has been kept in the books of said corporation with the said Halls or either of them, but the same has been entered in the general expense account of said corporation. * * * Upon the above facts the court finds that said corporation, when it took possession of said stock and fixtures, became the tenant of the owner of the building, unless the law upon all the facts herein contained is otherwise."

This court surely upon these facts cannot find the law to be otherwise.

For these reasons the Court of Common Pleas is advised to render judgment in favor of the defendant.

In this opinion the other judges concurred.