CHARLES L. WOODING *vs.* CHARLES F. MICHAEL.

First Judicial District, Hartford, October Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The defendant acquired by deed a right to use a five-foot strip of the plaintiff's land adjoining his own, as a common passway, so long as he abstained from building a fence between the two properties. *Held* that the erection of a fence by the defendant between his house and barn for the purpose of preventing the plaintiff's tenants from going upon the defendant's land, terminated the defendant's passway privileges, although the fence was not located exactly upon, nor did it extend the whole length of, the dividing line.

Argued October 7th—decided December 17th, 1915.

ACTION to recover damages for breaking down and removing a fence, brought by appeal of the defendant, from an adverse judgment of a justice of the peace, to the Court of Common Pleas in Hartford County and tried to the court, *Smith, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The following facts are found: The plaintiff and defendant are adjoining owners, on North Main Street in the city of Bristol, of land which formerly belonged to the plaintiff's father, who, in 1874, conveyed the lot now owned by the defendant to one Hart by a warranty deed containing the following lease of passway privileges over the grantor's land: "I also lease to said Hart five feet of land next north of said piece of land for his use in common with myself and heirs as a passway until the said Hart shall get ready to build a fence between him and me, which is not to be a high fence."

Hart built a house on the front part of the lot near the division line between himself and Wooding, and a barn still nearer the line on the rear part of the lot at

some distance from the house. The premises were in this condition when they came by mesne assignments to the defendant. The plaintiff and his father before him used a strip of land about seventeen feet in width next north of the Hart lot as a driveway for passage to the back of their lot and to the buildings erected on it. For more than twenty years the tenants and occupants of the defendant's land have used this driveway in common with the plaintiff as a passway to the barn and to the rear of the defendant's dwelling-house, but have claimed no right therein except by virtue of the lease contained in the Wooding deed of 1874. In 1912, for the purpose of keeping the tenants of the plaintiff from going on the land of the defendant, the defendant's son built a fence between the defendant's barn and the house, which fence was twenty-eight inches from the division line at the northwest corner of the barn and diverged slightly from the division line until it nearly reached a point opposite the northeast corner of the dwelling-house, when it turned sharply toward the house. The plaintiff notified the defendant that the erection of this fence had, under the terms of the Wooding deed of 1874, put an end to the defendant's lease of passway privileges over the plaintiff's land, and the defendant took no steps to remove the fence until after this suit was brought. Plaintiff then obstructed the entrance to the driveway by building a fence along North Main Street. Defendant tore down this fence to the extent of five feet and no more next north of his land, and the plaintiff brought this action which resulted in his obtaining a judgment for damages.

*Henry H. Hunt*, for the appellant (defendant).

*Epaphroditus Peck*, for the appellee (plaintiff).

BEACH, J. The sole question on this appeal is whether the fence erected by defendant's son is "a fence between him and me," within the meaning of the deed from Wooding to Hart. If so, it is admitted that the defendant's right of passage over the plaintiff's land was thereby terminated, and that the judgment of the trial court was right. From the terms of the deed it is plain that the lease of the passway was not to be terminated by the erection of buildings by Hart on or near the division line. The grantee had the right to utilize the whole of his lot by building up to the dividing line, and it was only the erection of a fence as such, that is to say, putting up a barrier between the grantor and grantee for no other useful purpose than that of a barrier, which was to end the use of the passway. The finding shows that the defendant's fence was built as such a barrier; that is, to prevent the plaintiff's tenants from going on the defendant's land. It is said that this fence is not a division fence, because it is not quite on the division line, and because it does not extend the whole depth of the lot but only between the barn and the house. Assuming that the words "a fence between him and me," were intended to refer primarily to a division fence, they do not locate the fence exactly on the division line nor limit it to a fence along the whole length of the dividing line. The arrangement whereby the grantee was to have the use of the passway so long as he abstained from building a fence between the grantor and the grantee, involved mutual concessions which ought to be observed in substance as well as in form; and the location of this fence within a few feet of the dividing line, across the entire open space left between the house and the barn, and accompanied by the finding that it was for the purpose of keeping the plaintiff's tenants from going on the defendant's land, satisfies us that it was in substance

"a fence between him and me" within the true intent of the deed.

There is no error.

In this opinion the other judges concurred.