The plaintiffs claim that they, and their predecessors in title, acquired a right to use a certain passway over the defendant's land because it has been so used for more than fifteen years. They seek to enjoin the defendant from maintaining an obstruction across said passway so that they may not lose the use thereof. The defendant demurs to the amended complaint on two counts: First, that the rights enjoyed by plaintiffs' predecessor in title were personal and terminated when he conveyed the property, and, second, that there is no right of way by necessity because other means of ingress to and egress from the plaintiffs' property are now available.
The demurrer presupposes the existence of certain facts and conditions which the complaint, as amended, does not convey to the court. There is no claim in the complaint that the right was acquired either by grant for a specific purpose, as in Hall v.Armstrong, 53 Conn. 554, or as a right of way by necessity.Schroeder v. Taylor 104 Conn. 596. It is here claimed that the plaintiffs and their predecessors in title have used this right of way over the defendant's land since April, 1917, for all purposes for which a street might be used, that this use has been enjoyed by them "openly, continuously, adversely and under a claim of right with knowledge of the defendant and defendant's *Page 21 
predecessor in title, and without interruption by them," until now, and that the right of way was thereby acquired. If the plaintiffs can establish these facts upon trial of the case the right would be a vested one rather than personal or by necessity.Schroeder v. Taylor, supra, 601.
A right of way will never be presumed to be personal when it can fairly be construed to be appurtenant to the land. Whether it is personal or appurtenant is to be determined from the intent of the parties and from surrounding circumstances.Blanchard v. Maxson, 84 Conn. 429.
It is immaterial how the use originated, so long as it was not a grant for a specific purpose or for a limited time. The actual, uninterrupted use of a passway under a claim of right by the owner of abutting land for more than fifteen years in going to and from his premises to the highway is all that is essential to the acquisition of a title by prescription. Alling Realty Co. v.Olderman, 90 Conn. 241.
The plaintiffs claim such a right in their complaint, and only a trial of the case can disclose whether or not they actually possess it.
 For these reasons the defendant's demurrer is overruled.