There is no error.

In this opinion the other justices concurred.

HAL EIS ET AL. *v.* MARY D. MEYER
(13701)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and HULL, Js.

Argued October 5—decision released November 21, 1989

*Myra L. Graubard,* for the appellants (plaintiffs).

*Gordon R. Paterson,* for the appellee (defendant).

HULL, J. The plaintiffs, Hal and Shirley Eis, instituted an action seeking, inter alia, an injunction prohibiting the defendant, Mary D. Meyer, from obstructing their use of an express easement across her land. The trial court, in accordance with the recommendation of the attorney state trial referee, rendered judgment for the plaintiffs, declaring the easement to be in full force and effect and enjoining the defendant from hindering or interfering with the plaintiffs' use and enjoyment of that easement. The defendant appealed this judgment to the Appellate Court. Upon determining that the trial court had erred in failing to find termination of the easement by its express terms when the plaintiffs enlarged their house located on the dominant tenement, the Appellate Court set aside the judgment of the trial court. *Eis* v. *Meyer,* 17 Conn. App. 664, 555 A.2d 994 (1989). We granted certification of the plaintiffs' appeal from the Appellate Court limited to two issues: (1) Did the Appellate Court err in rejecting the finding of the referee that the defendant was estopped from enforcing the terms of the easement due to her deliberate silence with respect to the plaintiffs' plans to enlarge their house; and (2) is there an implied covenant of good faith and fair dealing between the ser-

vient and dominant tenement owners in relation to the terms of an easement, and, if so, did the defendant's failure to object seasonably to the plaintiffs' construction plans constitute a breach of that covenant? We affirm the decision of the Appellate Court.

The underlying facts, as found by the referee, are as follows. The parties are adjoining property owners residing on Woodbine Road in Stamford. The plaintiffs can gain access to their home via two routes: a main entrance and driveway that leads directly from Woodbine Road to the front of their house, and a right of way onto the rear of their property created by an easement that bisects the defendant's property. The history of the creation of the easement is fully reported in the opinion of the Appellate Court. *Eis* v. *Meyer,* supra, 665–66. For the purposes of the present appeal, it is necessary to note that the easement, in its final form, was recorded in the Stamford land records in 1955. The specific terms of the grant of easement stated in relevant part that it would "cease, terminate and be extinguished at any time when any building is erected on any part of the land now owned by the Grantee [now the plaintiffs] in addition to the buildings now on said land, *or when any building on said land is enlarged* . . . ." (Emphasis added.)

The plaintiffs purchased their property on July 28, 1977. The deed of conveyance made specific reference to the easement and the plaintiffs, by their own admission, were aware of the terms and conditions of the easement when they purchased their property. Nevertheless, in 1978, the named plaintiff, during a chance meeting with the defendant, informed her of his plans to renovate his house by constructing an addition to the kitchen. The defendant, consciously aware that the construction would be in violation of the easement, did not respond or react when she was told of the plans. Thereafter, the plaintiffs added a 230 square

foot addition to their house. Claiming that the enlargement of the house extinguished the easement over her property, the defendant, in June, 1981, notified the plaintiffs that she intended to block off the easement area.

The action that was subsequently filed by the plaintiffs was tried before an attorney state trial referee who ultimately recommended judgment for the plaintiffs. The trial court accepted the report and corrected findings of the referee, and, accordingly, declared the easement to be in full force and effect despite the enlargement of the plaintiffs' house. This decision, as discussed by the Appellate Court, was premised on two grounds. "First, [the trial court] concluded that the improvements made by the plaintiff were 'insignificant' and that the original parties to the agreement creating the easement had not intended to 'prevent an owner from maintaining, improving, or updating the large house as the need arose.' Second, the trial court found that the defendant, by her silence, had induced the plaintiffs to proceed with the renovations in derogation of their easement rights and was, therefore, estopped from enforcing the terms of the easement." *Eis* v. *Meyer,* supra, 667.

The Appellate Court, while accepting the factual findings of the referee, disagreed with its legal conclusions. First, recognizing that when the language of an easement is clear and unambiguous, the court must examine its express terms and not resort to extraneous circumstances or parol evidence, the Appellate Court, accordingly, found error in the referee's expansion of the clear meaning of the agreement. Id., 668–69. "The meaning and effect of the words are to be determined not by what may have been intended by the parties, but the intent that was actually expressed. . . . According to the express terms of the deed, the easement terminated when the plaintiffs enlarged their

home." (Citation omitted.) Id., 669–70. With respect to the second basis for the trial court decision, the Appellate Court stated: "Because the trial court expressly found in his corrected findings that the deed of conveyance specifically referred to the easement and the plaintiffs were aware of the terms of the easement when they purchased the property, the trial court erred in concluding that the requisite elements of estoppel had been met in this case." Id., 670 n.2.

On certification to this court, the two claims presented by the plaintiffs focus on the defendant's deliberate silence during her 1978 conversation with the named plaintiff and question the legal significance attributed to that silence by the Appellate Court. First, the plaintiffs contend that the Appellate Court erred in rejecting the referee's finding that the effect of the defendant's silence was to estop her from enforcing the termination of the easement. The premise of their argument is that under the specific facts here involved the defendant had a duty to inform the named plaintiff of her future intentions with respect to the easement if he were in fact to enlarge his home. According to the plaintiffs, at the time of the conversation between the named plaintiff and the defendant, the defendant believed that termination of the easement would result from the planned construction, and, at the very least, knew that she would assert such a position. The plaintiffs' understanding at the time of the conversation, on the other hand, was that the renovation of the house would not affect the easement. The defendant's deliberate silence after having been informed of the construction plans, according to the plaintiffs, was intended to, and in fact did, induce them to build the addition to their home. Accordingly, the plaintiffs argue that the doctrine of estoppel prohibits the defendant from enforcing the termination of the easement. We do not agree.

" 'Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. *Bozzi* v. *Bozzi,* 177 Conn. 232, 242, 413 A.2d 834 (1979); *Dupuis* v. *Submarine Base Credit Union, Inc.,* [170 Conn. 344, 353, 365 A.2d 1093 (1976)]; *Pet Car Products, Inc.* v. *Barnett,* 150 Conn. 42, 53–54, 184 A.2d 797 (1962).' *Zoning Commission* v. *Lescynski,* [188 Conn. 724, 731, 453 A.2d 1144 (1982)]." *Kimberly-Clark Corporation* v. *Dubno,* 204 Conn. 137, 148, 527 A.2d 679 (1987). " 'In a case where . . . silence is the conduct relied upon to give rise to the estoppel, the existence of circumstances which impose a duty upon the one claimed to be estopped to disclose the fact which is known is essential. . . . But *there is no duty to speak where the facts are equally within the knowledge of both parties* or where the one claiming the estoppel, though he has not in fact equal knowledge, has convenient and available means of acquiring it. . . . It is, moreover, necessary that the silence be such as would naturally mislead the other party . . . and that the party claiming the estoppel has been or will be subjected to loss unless he can have the advantage of it, and there is no presumption in his favor.' *Flaxman* v. *Capitol City Press, Inc.,* 121 Conn. 423, 430, 185 A. 417 [1936]." (Emphasis added.) *State* v. *American News Co.,* 152 Conn. 101, 113, 203 A.2d 296 (1964).

If the plaintiffs were arguing merely that estoppel resulted from the defendant's failure to inform the named plaintiff of the actual terms of the easement, the claim could be quickly dismissed. The referee expressly found in his corrected findings that the plain-

tiffs' deed of conveyance specifically referred to the easement and that the plaintiffs were aware of the terms of the easement when they purchased the property. Therefore, there is no question that the express conditions of the easement were equally within the knowledge of both parties. The defendant thus had no duty to inform the named plaintiff of those conditions. The plaintiffs indeed concede their actual knowledge of the terms of the easement but assert that estoppel nevertheless applies in this case because the defendant's *intentions* to enforce the terms of the easement as she understood them were within her sole knowledge. Because the plaintiffs could not know of the defendant's "intentions," the plaintiffs argue that the defendant had a duty not to remain silent.

We find this argument to be without merit. It presumes that extinguishment of the easement was governed not by the terms of the easement itself, but rather by the silence of the defendant. This simply is not the case. The principle of automatic termination of an easement according to the terms expressed by the grantor has long been recognized by this court. See, e.g., *Wooding* v. *Michael,* 89 Conn. 704, 706, 96 A. 170 (1915); *Hall* v. *Armstrong,* 53 Conn. 554, 556, 4 A. 113 (1885). The language of the grant of easement here at issue is unambiguous, and the referee did not find to the contrary. By the express terms of the easement, the plaintiffs' right to use the easement would terminate when any building on their land was enlarged. The predicate for termination thus contemplated by the grant was a specified affirmative act on the part of the dominant tenement owners, not silence on the part of the servient tenement owner. "Unless the circumstances be such as *naturally to mislead another,* one of the indispensable elements of an equitable estoppel is absent." (Emphasis added.) *Goldberg* v. *Parker,* 87 Conn. 99, 107, 87 A. 555 (1913). Because the defend-

ant in no way misled the plaintiffs about the easement, the plaintiffs' disregard of the conditions clearly expressed in a recorded document was not a natural consequence of the defendant's silence. Accordingly, we hold that the doctrine of equitable estoppel is inapplicable to this case.

The plaintiffs next argue that the implied covenant of good faith and fair dealing recognized in contract law should be expanded to apply to cases involving easements. We refuse to apply this principle in the present case where the conditions of the easement by grant were clearly expressed.

The plaintiffs' argument relies primarily on two decisions of this court in which we imposed a duty of good faith and fair dealing upon parties to a lease. See *Warner* v. *Konover,* 210 Conn. 150, 154–56, 553 A.2d 1138 (1989); *Central New Haven Development Corporation* v. *La Crepe, Inc.,* 177 Conn. 212, 216–17, 413 A.2d 840 (1979). The plaintiffs contend that these cases are instructive for two reasons: (1) both easements and leases affect real property; and (2) while, in form, an easement is a conveyance of an interest in land and a lease is a contract between a landlord and a tenant; *Cohn* v. *Fennelly,* 138 Conn. 474, 476, 86 A.2d 183 (1952); in substance, an easement is also a contract in that it is based on the concept of future performance. Accordingly, argue the plaintiffs, it is appropriate that this court follow its precedents of *Warner* and *La Crepe, Inc.,* to impose a duty of good faith and fair dealing upon the defendant in relation to the terms of the easement. We do not agree. Even were we to find the necessary contractual component in the grant of easement here at issue, *Warner* and *La Crepe, Inc.,* are not supportive of the plaintiffs' position.

An implied covenant of good faith and fair dealing is "[e]ssentially . . . a rule of construction designed

to fulfill the reasonable expectations of the contracting parties as they presumably intended. *The principle,* therefore, *cannot be applied to achieve a result contrary to the clearly expressed terms of a contract,* unless, possibly, those terms are contrary to public policy. See *VTR, Inc.* v. *Goodyear Tire & Rubber Co.,* 303 F. Sup. 773 (S.D.N.Y. 1969); 3 Corbin, Contracts § 564, (1960); 11 Williston, Contracts (3d Ed. Jaeger) § 1295." (Emphasis added.) *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 567, 479 A.2d 781 (1984). As discussed above, the clearly expressed terms of the easement contemplated termination only upon an affirmative act of the dominant tenement owner. To imply a covenant of good faith and fair dealing in this case would achieve a result contrary to the express language of the easement, that is, termination would depend upon the silence of the servient tenement owner, rather than upon the action or inaction of the dominant tenement owner.

A very different set of facts was presented to this court in *Warner* v. *Konover,* supra. *Warner* involved a commercial lease in which the landlord had retained the discretion to withhold consent to the assignment of the tenant's lease. Id., 152. The express terms of the lease, however, did not establish the parameters of that discretion. Id., 152–53. Accordingly, we held that implicit in the terms of the lease was that the landlord's discretion must be exercised in a manner consistent with good faith and fair dealing. Id., 154–55. As authority for our decision we relied on *Central New Haven Development Corporation* v. *La Crepe, Inc.,* supra. In *La Crepe, Inc.,* a clause within a lease gave unfettered discretion to the tenant to cancel the lease upon the failure of a contingency. Id., 215. We held that because the lease was silent as to the time within which the option to cancel had to be exercised, it was implicit that cancellation had to be within a reasonable time

after the failure of the contingency. Id., 216–17. The facts of the present case are clearly distinguishable. The terms of the easement, and more specifically, the terms concerning the termination of the easement, were clearly set forth in the instrument of conveyance. Unlike the result in *Warner* and *La Crepe, Inc.,* the imposition of a duty of good faith and fair dealing upon the defendant, based on the facts here presented, would alter the clearly expressed terms of the easement. Thus, an implied covenant of good faith and fair dealing is inapplicable.

Therefore, we affirm the decision of the Appellate Court.

In this opinion the other justices concurred.