[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This matter is before the court on a motion to strike the Second Count and the Third or Fourth Counts of the plaintiff's complaint.
A motion to strike tests the legal sufficiency of a pleading. Practice Book section 152; Mingachos v. CBS., Inc., 196 Conn. 91, 108.
Conn. Gen. Stats. section 42-110(b) provides that "(n)o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The Plaintiff has not alleged that the defendant engaged in the conduct of a trade or business. It alleged a breach of contract action and then added a legal conclusion in Paragraph 10 of the Second Count to the effect that the defendant's action is "unfair and/or deceptive."
In the Third and Fourth Counts the plaintiff seeks to plead in the alternative. The Third Count alleges that the defendant breached its "duty of good faith and fair dealing" sounding in tort. The Fourth Count alleges that the defendant breached the "covenant of good faith and fair dealing" sounding in contract. The plaintiff urges the court to recognize that the "duty" of the Third Count gives rise to a cause of action in tort and cites cases from California and other, jurisdictions to support that premise. The Connecticut Supreme, Court has recognized an implied covenant of good faith and fair dealing. It uses the phrase "duty of good faith and fair dealing" interchangeably. (See Warner v. Konoyer, 210 Conn. 150, 155.) In Eis v. Meyer, 213 Conn. 29 it stated that the implied covenant is "a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (at 37) It treats the subject as one cause of action.
For the foregoing reasons, the motion to strike is granted.
Leheny, J.