[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (NO. 117)
On May 19, 1992, the plaintiff, Michael Allis, filed a one-count complaint which seeks to recover damages from the defendants, The Aetna Casualty and Surety Co. and Aetna Life and Casualty, for their alleged failure to effectuate a settlement of an underlying action brought by the plaintiff against the defendants' insured.
In his revised two-count complaint dated May 26, 1993, the CT Page 7502 plaintiff alleges that on December 8, 1989, he was the owner and operator of a vehicle which was involved in a collision with a vehicle that was operated by Steven McMillen and owned by Steven Viglione d/b/a Steve Viglione Sheet Metal.
The plaintiff alleges that McMillen failed to stop his vehicle at a stop sign, and as a result, collided with the plaintiff's vehicle. The plaintiff further alleges that at the time of the collision, Viglione was insured by the defendants.
The plaintiff commenced suit against McMillen and Viglione in February, 1991. On September 21, 1991, a pre-trial conference was held at which the defendants' agent, Laura Kent, appeared, and the plaintiff's case against the defendants' insured was valued at $15,000.00. On April 9, 1992, the plaintiff's attorney met with Laura Kent in an attempt to negotiate a settlement. The plaintiff alleges that Kent conceded that the defendants' insured were liable for the plaintiff's injuries and then refused to settle the claim because the plaintiff was "eighty-five years old and probably won't last until trial."
In the first count of the revised complaint, the plaintiff claims that the defendants breached an implied covenant of good faith and fair dealing because their reasons for not settling the case are based upon age discrimination. In the second count, the plaintiff asserts a claim for negligent infliction of emotional distress.
On April 19, 1993, the defendants filed a motion to strike (No. 117) the plaintiff's revised complaint, along with a memorandum of law. The plaintiff filed on objection (No. 120) thereto on May 7, 1993.
At oral argument on June 1, 1993, the parties' agreed that the Motion to Strike could apply to the Amended Complaint dated May 26, 1993.
A. First Count: Breach of Implied Contract of Good Faith and Fair Dealing
"An implied covenant of good faith and fair dealing is "[e]ssentialy [[e]ssentially] . . . a rule of construction to fulfill the reasonable expectations of the contracting parties as they presumably intended.'" (Emphasis added.) (Citations omitted.) CT Page 7503 Eis v. Meyer, 213 Conn. 29, 37, 566 A.2d 422 (1989). "Absent an agreement between the parties, no duty of good faith can be implied." Dacourt Group, Inc. v. Babcock Industries, Inc.,747 F. Sup. 157, 160 (D.Conn. 1990).
The plaintiff's first count does not contain allegations of an agreement to settle, or of a contractual relationship between the plaintiff and the defendants. In the absence of these allegations, the plaintiff's first count is legally insufficient. Thus, the defendants' motion to strike the first count of the plaintiff's revised complaint is granted.
B. Second Count: Negligent Infliction of Emotional Distress
In Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 398 A.2d 1180 (1978), the Connecticut Supreme Court recognized a cause of action for "unintentionally — caused emotional distress," and held that recovery did not "depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Id., 345. However, the plaintiff still has the burden of pleading and proving that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Id., see also Urban v. Hartford Gas Co., 139 Conn. 301, 93 A.2d 292
(1952).
The plaintiff's second count states a legally sufficient claim for negligent infliction of emotional distress. Thus the defendants' motion to strike the second count is denied.
LEHENY, JUDGE