[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Federal National Mortgage Association (FNMA), has commenced this one count foreclosure action against the defendants, Nathan and Gloria Wang, for their alleged failure to pay amounts due under a promissory note dated September, 1985 to Bear, Sterns Funding, Inc. In its complaint, FNMA alleges that to secure this note the defendants mortgaged the subject real property CT Page 389-A located in West Haven, CT. Such note was subsequently endorsed to the plaintiff FNMA by Bear, Sterns Funding, Inc., along with an assignment of the mortgage, an assignment of conditional assignment of leases, and assignment of a financing statement. FNMA now seeks to foreclose the mortgage that secures the note given by the defendants.
On June 10, 1994, the defendants filed an answer to the complaint and alleged special defenses of bad faith and negligence. On September 8, 1994, the plaintiff filed a motion to strike the defendants special defenses on the ground that such special defenses are legally insufficient as a matter of law. On September 26, 1994, the defendants filed a timely objection to the plaintiff's motion to strike. Both sides have filed supporting memoranda of law.
A motion to strike is properly asserted "whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein." Bouchard v. People's Bank, 219 Conn. 465, n. 3, 594 A.2d 1 (1991). In deciding a motion to strike, the CT Page 389-B trial court is obliged to assume the truth of the allegations contained in the defendants special defense. Barnum, Ivey O'Marav. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2,461 A.2d 1369 (1983). "[I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); see also Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682 (1992).
"[T]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff had no cause of action." Ohler v.Ohler, Superior Court Judicial District of Litchfield, Docket No. 0059325 (February 3, 1993, Dranginis, J.). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Ohler v.Ohler, supra.
In the present action, the defendants have asserted two CT Page 389-C special defenses in response to the plaintiff's foreclosure action. The first special defense alleges that FNMA acted in bad faith by allowing the subject property to waste away to the defendant's detriment during a time when FNMA had sole control over the property. The second special defense asserts that FNMA was negligent in allowing the property to waste.
The plaintiff now moves to strike the defendants' special defenses on the grounds that: 1) the defenses alleged fail to challenge the making, validity or the enforcement of the note or mortgage and therefore do not adequately support a defense to foreclosure and; 2) the defendants have not alleged facts that support the defendants' allegation that FNMA negligently allowed the property to waste away to the defendants' detriment.
In order to properly plead a special defense, a defendant must plead facts that are consistent with the plaintiff's statements of fact, but show notwithstanding, that the plaintiff has no cause of action. See Practice Book § 164. Since FNMA's complaint alleges that the defendants executed a mortgage in favor of FNMA and that the defendants subsequently defaulted upon that mortgage, the CT Page 389-D defendants' special defenses must attack the making, validity, or enforcement of the mortgage being foreclosed. See Bank of NewHaven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford (April 2, 1993, Curran, J.).
As a general rule, defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien. See Peterson v. Weinstock, 106 Conn. 436,441, 138 A.2d 433 (1927); Bank of New Haven v. Liner, supra. "However, since foreclosure is an equitable proceeding, the court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done." Shawmut Bank v. Carriage Hill Estates, Inc., Superior Court, Judicial District of Waterbury at Waterbury (June 10, 1994, West, J.). The determination of what equity requires in a particular case is a matter for the discretion of the court. Reynolds v.Ramos, 188 Conn. 316, 320, 449 A.2d 282 (1982).
The defendants' first special defense asserts that FNMA dealt with the defendants in bad faith. Essentially, the defendants claim that FNMA allowed the mortgaged property to waste and such CT Page 389-E conduct constitutes a breach of good faith and fair dealing.
The implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. Eis v. Meyer,213 Conn. 29, 36-37, 566 A.2d 422 (1989). It cannot be applied to achieve a result contrary to the clearly expressed terms of a contract unless those terms are possibly contrary to public policy. Id. "Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles; seeCiticorp Mortgage Inc. v. Kerzner, 8 Conn. L. Rptr. 229, 230 (January 15, 1993, Curran, J.); a defendant must plead sufficient facts to justify its application." Shawmut Bank v. Carriage HillEstates, Inc., supra. "Bad faith means more than mere negligence; it involves a dishonest purpose." Bank of Boston Conn. v. VictoriaCourt Inc., Superior Court Judicial District of Waterbury at Waterbury, Docket No. 0100526 (December 13, 1993, Sylvester, J.).
The defendants in the present case, have failed to allege sufficient facts to support the proposition that FNMA failed to CT Page 389-F fulfill the reasonable expectations of the defendants with respect to the note and mortgage. The defendant alleges in its answer and special defenses that the plaintiff acted in bad faith by allowing the subject property to waste away. However, the defendants have failed to support this allegation with any facts from which it could be found that the plaintiff's conduct involved more than mere negligence. Therefore, the plaintiff's motion to strike the defendants' first special defense is granted.
The defendants' second special defense alleges that FNMA was negligent in allowing the subject property to waste away. This defense does not appear to bear on the making, validity or enforcement of the note or mortgage, and the defendants have not offered any facts that would establish the contrary. "A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action or defense." See D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206, 218-219
(1987). "[A]s a matter of law, a party cannot be negligent where it owed no duty to the other party." Bank of Boston Conn. v.Victoria Court, Inc., 9 CSCR 58 (December 13, 1993, Sylvester, J.). The defendants have not offered facts that would support a cause of action for negligence. (i.e., duty, breach, causation, damages) CT Page 389-G
Although a defense alleging a violation of good faith and fair dealing is a legally cognizable defense to a foreclosure action, the defendants in the present case have offered no facts to support the allegation that FNMA negligently allowed the subject property to waste and thereby have pleaded merely a legal conclusion. SeeMingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985);Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 682 (1992).
Accordingly, the plaintiff's motion to strike the defendants second special defense is granted.
The Court
Curran, J.