[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
On November 3, 1993, the plaintiff, Union Trust Company, filed a two count complaint against the defendants; Terry L. Nelson, Michael L. Nelson (collectively, the Nelsons), and Leake Nelson Company. Count one alleges that the defendants breached a contract. Count two seeks an accounting of the financial records of Leake Nelson Company.
The complaint alleges the following facts: On or about July 16, 1985, Leake Nelson Co. executed a revolving loan agreement under which Union Trust Company agreed to lend Leake Nelson Company two million dollars. On April 9, 1991, Leake Nelson Company executed a term and revolving loan restructure agreement (restructure agreement).
As part of the restructure agreement, Leake Nelson Company executed a term note and a revolving note. Both notes were modified on May 6, 1992. The complaint further alleges that Leake Nelson Company has failed to repay the money loaned under the terms of these two notes. The answer filed by the defendants Nelson admits the preceding allegations.
In addition, the complaint alleges that Leake Nelson Company has not complied with § 2.01 of the restructure agreement, which requires Leake Nelson Company to deposit all income into lockbox account. The complaint also alleges that as part of the restructure agreement, the Nelsons executed an officers' certificate in April 1991. In the officer's certificate, the Nelsons promised to indemnify Union Trust Company for all damages incurred by it, including those caused by Leake Nelson Company's failure to deposit the income into the lockbox account. Count one, which is directed at the Nelsons and Leake Nelson Company, alleges a breach of contract for failing to deposit all receivables into the lockbox account.
The complaint further alleges in count two that § 8.01 of the restructure agreement requires Leake Nelson Company to maintain financial records for Union Trust Company to review. Count two alleges that Leake Nelson Company has not kept these financial records. Leake and Nelson Company has been defaulted for failure to appear.
On November 15, 1994, the Nelsons filed an answer and three special CT Page 5882 defenses. The first special defense alleges that the Nelsons did not personally guarantee the underlying obligation and therefore cannot be personally liable on the obligations sought to be enforced in this action. The second special defense alleges that Union Trust Company failed to act in good faith during negotiations concerning the resolution of this dispute by inducing the defendants to falsely believe that the disagreement between them had been or would be resolved without the necessity of litigation. The third special defense alleges that the Union Trust Company has not alleged the necessary elements to support a cause of action for an accounting.
On January 17, 1995, Union Trust company filed a motion to strike each of the three special defenses. Union Trust Company also filed a memorandum in support of its motion to strike. The Nelsons filed a memorandum in opposition to the motion to strike, which is dated April 20, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [non-moving]." (Internal quotations marks omitted.) Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
A motion to strike can challenge a special defense. SeeConnecticut National Bank v. Douglas, 221 Conn. 530, 606 A.2d 684
(1992).
1. First special defense: personal guarantee
In its motion to strike, Union Trust argues that the first special defense is irrelevant because Union Trust is basing its action on a contractual guaranty that speaks of indemnity, not a personal guaranty. Union Trust contends that under Practice Book § 164, the nonexistence of a personal guaranty does not show that the plaintiff has no cause of action for indemnification.
In their memorandum of law, the Nelsons contend that the officer's certificate does not make them liable for the legitimate use of lockbox CT Page 5883 funds to fund operating expenses of the corporation.
The officer's certificate states:
 Terry L. Nelson and Michael L. Nelson each hereby further agree personally to indemnify Union Trust Company for any and all damages, losses, costs and expenses incurred by it from (i) the failure to Leake Nelson Company to employ its best efforts to collect Current Receivables, to finish and sell Current Inventory and to sell Current Equipment in a manner calculated to maximize the net proceeds therefrom; . . . (iii) the failure of Leake Nelson Company to deposit proceeds from the Liquidation directly into the Lockbox Account; . . . provided, however, that Terry L. Nelson and Michael L. Nelson shall not be obligated to indemnify the Union Trust Company for damages, losses, costs and expenses set forth above to the extent that such damages, losses, costs and expenses arise from the breach by another employee or agent of Leake Nelson Company of his or her duty of loyalty or duty of good faith to Leake Nelson Company, where such breach could not have been discovered and prevented through the reasonable diligence of Michael L. Nelson and Terry L. Nelson. (Emphasis added)
The complaint alleges a breach of the promise to indemnify that the Nelsons made to Union Trust in the officer's certificate. Because the Nelsons have obligations directly under the officer's certificate the issue of a personal guarantee is irrelevant. Accordingly, the Nelsons have not met their burden under Practice Book § 164[1][.] The court therefore grants Union Trust's motion to strike the first affirmative defense.
2. Second special defense: failure to act in good faith
In the second special defense, the Nelsons allege that Union Trust negotiated in bad faith with them by inducing them into the false belief that this dispute had been or would be resolved and that this litigation would not be pursued. In its motion to strike, Union Trust states that any failure to negotiate in good faith does not negate its cause of action. Union Trust argues that neither the restructure agreement nor the officer's certificate require Union Trust to negotiate with the Nelsons. Further, this special defense does not allege that the plaintiff entered into an agreement with the Nelsons not to pursue its remedies. Union Trust concludes that if the facts alleged in this special defense were true, those allegations might establish a cause of action, but not a special defense to its action on the contract. CT Page 5884
In their memorandum in opposition, the Nelsons claim that the implied covenant of good faith and fair dealings is present in every contract and cite Warner v. Konover, 210 Conn. 150, 154 (1994) as authority for that proposition.
Good faith obligations, whether the obligations are imposed by the Uniform Commercial Code or by the common law, are not abrogated by express contractual terms. Grand Light Supply Co., Inc. v. Honeywell,Inc., 771 F.2d 672, 679 (D.Conn. 1985), concerning the Uniform Commercial Code, and Eis v. Meyer, 213 Conn. 29, 36-38 (1989), concerning the common law. The express language in this agreement talks in terms of an indemnification. The pleadings give no reason to ignore the express terms of the indemnification. In fact the Eis case at pages 36-38 denies universal application of the Konover quote to all contract disputes. "An implied covenant of good faith and fair dealing is essentially . . . a rule of construction designed :to fulfill the reasonable expectations of the contracting parties as they presumably intended.The principle, therefore, cannot be applied to achieve a result contraryto the clearly expressed terms of a contract, unless, possible, those terms are contrary to public policy. See VTR, Inc. v. Goodyear Tire Rubber Co., 303 F. Sup. 773 (S.D.N.Y. 1969); 3 Corbin, Contracts § 564, (1960); 11 Williston, Contracts (3d Ed. Jaeger) § 1295." (Emphasis added) Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 567,429 A.2d 781 (1984)." The defendant's second affirmative defense is stricken.
3. Third special defense: request for an accounting
In its motion to strike, Union Trust presents three reasons for striking the third defense. The first reason offered is dispositive of the issue. The request is not directed against the Nelsons, but rather against the corporate defendant, Leake Nelson Company. The corporate defendant has been defaulted for failure to appear and a review of the appearances filed in this matter indicate that the law firm of Zeisler Zeisler, is appearing solely for the individual defendants and not the corporate defendant. It should also be noted that the defendants did not object to plaintiff's motion to strike the defendant's third affirmative defense.
The third affirmative defense is stricken.
LAWRENCE L. HAUSER, JUDGE