[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs herein have filed a motion to strike the defendants' special defenses on the ground that the special defenses are not valid in CT Page 15988 a foreclosure action.
The plaintiff, Pepper Partners Limited Partnership, filed a complaint on December 16, 1999, alleging that the defendant Edward A. Visconti, Jr., is in default on a note secured by a mortgage on property located at 199-211 Naugatuck Avenue in Milford, Connecticut.
On August 3, 2000, the defendants (except New Haven Register) together filed an answer and six special defenses. The defendants make the following allegations. On or about January 9, 1989, Pepper Partners purchased 199-211 Naugatuck Avenue from Ernest Wiehl, a general partner of Pepper Partners, who had owned the property since on or about November 14, 1980. Neither Ernest Wiehl nor Pepper Partners filed a negative declaration or other certification with the Commissioner of the Department of Environmental Protection, as required by General Statutes §§ 22a-134 et seq.[1] The filing of a negative declaration or other certification was required if, inter alia, an auto body repair shop had been operated on the property on or after May 1, 1967. The plaintiff, as well as Ernest Wiehl and Richard Wiehl, as officer and employee of the plaintiff, knew that an auto body repair shoe had been operated on the property and, therefore, were required to comply with the statutory requirements, but failed to do so. In addition, the defendants allege that the plaintiff had knowledge that the property was contaminated with a variety of hazardous substances, but misrepresented or failed to disclose the condition of the property.
Visconti acquired the Naugatuck Avenue property on February 9, 1996 to operate a business for used motor vehicle sales, rental, repairs, towing and storage. In October, 1997, Visconti retained an environmental consultant to perform an environmental investigation by order of the Department of Environmental Protection. The environmental consultant found that the property was contaminated since April, or May, 1988. Because of the environmental contamination, the defendants are unable to make improvements to the property necessary for the operation of the business and the value of the property is, therefore, diminished.
On August 30, 2000, the plaintiff filed a motion to strike the defendants' special defenses with an accompanying memorandum of law. On September 18, 2000, the defendants filed an objection to the plaintiff's motion to strike and an accompanying memorandum of law. The court held a hearing on the motion to strike.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or CT Page 15989 part thereof." Practice Book § 10-39(a). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
The plaintiff moves to strike all six special defenses on the ground that they are not recognized as valid defenses to a foreclosure action because they are related to alleged misconduct by the plaintiff in connection with the purchase and the sale of the property and, thus, are outside the nose or mortgage.
"At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Internal quotation marks omitted.)Southbridge Associates, LLC v. Garafolo, 53 Conn. App. 11, 15,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses . . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration . . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note . . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action . . . . Further, based on the same rationale, the defenses . . . cannot attack some action or procedure of the lienholder . . . ." (Brackets omitted; internal quotation marks omitted.) OcwenFederal Bank FSB v. Weinberg, Superior Court, judicial district of New London at New London, Docket No. 547629 (August 11, 1999, Mihalakos, J.)
When the defendant in a foreclosure action is pursuing a claim against the plaintiff in a separate action, the court has held that the defendant's special defenses will succeed when they assert a connection with the foreclosure action and attack the making, validity or enforcement of the note or mortgage, rather than some act or procedure of the lien holder. Derby Savings Bank v. Benedetti, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050760 (April 23, 1996, Curran, J.) In the present case, the plaintiff mortgagee is CT Page 15990 also the seller of the property. The defendants in the present case are challenging the contract for the purchase and sale of the property in a separate action. The court will deny the plaintiff's motion to strike the defendants' special defenses if the defendants have successfully alleged a connection with the making, validity or enforcement of the note as opposed to a connection with the purchase and sale of the property.
The defendants' first special defense alleges that Visconti's default was due to the plaintiff's fraudulent inducement of Visconti into purchasing the property at the time he signed the mortgage note and mortgage documents. "Fraud in the inducement to enter a contract is a well established equitable defense." Connecticut National Bank v. Voog,233 Conn. 352, 367, 659 A.2d 172 (1995). Claims for fraud or misrepresentation are valid special defenses. Id. "`The essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury.'" First Charter Nattonal Bank v. Ross, 29 Conn. App. 667, 670,617 A.2d 909 (1992), appeal dismissed, 228 Conn. 203, 635 A.2d 796 (1994) (certification improvidently granted), quoting Miller v. Appleby,183 Conn. 51, 54-55, 438 A.2d 811 (1981).
The defendants allege that they relied on verbal representations made by Ernest A. Wiehl, Jr. and Richard V. Wiehl, as well as written representations made in the plaintiff's Property Transfer Program Form III and their Department of Environmental Protection Condition Assessment Form that there was no contamination on the property when, in fact, the plaintiff had actual or constructive knowledge that the property was contaminated. The defendants also allege they incurred damages as a result of the plaintiff's alleged misrepresentations. These assertions, if proven, would satisfy the elements of fraud or misrepresentation. SeeFirst Charter v. National Bank v. Ross, supra, 29 Conn. App. 670.
In addition to alleging sufficient facts to establish fraud or misrepresentation, the purported misrepresentation by the plaintiff must be "directly related" to the validity of the mortgage or note. SeeNationbanc Mortgage Corp. of New York v. Correll, Superior Court judicial district of New London at New London, Docket No. 108152 (January 26. 1999, Mihakalos, J.) A special defense of fraudulent misrepresentation must attack the making, validity or enforcement of the note. BerkeleyFederal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.).
In this case, the defendants specifically allege that the plaintiff induced Visconti and, but for Visconti's reliance on the plaintiff's CT Page 15991 misrepresentations, Visconti would never have signed the mortgage and note. Thus, the defendants' allegations of fraud or misrepresentation in their first special defense go to the making of the mortgage and note. The court denies the motion to strike the first special defense because of it being a valid defense to a foreclosure action, having been adequately pleaded by the defendants and it relates to the making, validity and enforcement of the note.
The defendants' second special defense alleges that Visconti's default was due to the plaintiff's fraudulent misrepresentation or nondisclosure of fact in the making, validity, and enforcement of a contract. The elements of fraudulent misrepresentation and its validity as a special defense are discussed above. To constitute fraud by nondisclosure or suppression, "there must be a failure to disclose known facts, and, in addition thereto, a request or an occasion or circumstance which imposes a duty to speak." Egan v. Hudson Nut Products, Inc., 142 Conn. 344, 347,114 A.2d 213 (1955). "A failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose." NormandJosef Enterprises v. Connecticut National Bank, 230 Conn. 486, 523,646 A.2d 1289 (1994).
The defendants argue that neither Ernest Wiehl nor Pepper Partners filed a negative declaration or other certification with the Commissioner of the Department of Environmental Protection, as required by General Statutes §§ 22a-134 to 22a-134e.[2] The defendants allege that, between 1971 and February 9, 1996, Richard V. Wiehl and Ernest A. Wiehl, Jr., were, respectively, an officer and employee of Consumers Petroleum, an entity which owned, managed, leased and operated various businesses, including a gasoline service station and motor vehicle repair shop on the property. The defendants further allege that the plaintiff had actual or constructive knowledge from Consumers Petroleum, and its officer and employee, that the property was contaminated prior to it purchasing it.
The defendants' allegation that the plaintiff failed to file a negative declaration or other certification with the Department of Environmental Protection, if proven, would constitute the plaintiff's breach of a statutory duty to disclose. The defendants further allege that, but for the nondisclosure concerning the contamination on the property, Visconti would never have signed the mortgage and note. The court denies the motion to strike the second special defense. It is a valid defense to a foreclosure action, having been adequately pleaded and relates to the making, validity and enforcement of the note.
The defendants' third special defense alleges that Visconti's default was due to the plaintiff's representations and nondisclosure, which forestalled inquiry by the defendant Edward A. Visconti about the CT Page 15992 environmental condition of the property at the time of purchase and sale. "A cause of action for the fraudulent prevention of inquiry is a recognized cause of action in Connecticut. Haddad v. Clark, 132 Conn. 229,233, 43 A.2d 221 (1945) (`a vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in doing so, he is not merely remaining silent but is taking active steps to mislead')." Viscounti v. PepperPartners, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 065717 (April 5, 2000, Curran, J.). No Connecticut cases address fraudulent prevention of inquiry as an equitable defense in a foreclosure action; however, fraudulent prevention of inquiry is closely related to misrepresentation and nondisclosure, which are accepted equitable defenses in foreclosure actions. The defendants allege that, as a result of the plaintiff's representations and nondisclosure, Visconti failed to discover material facts of which he would have become aware upon reasonable inquiry. The defendants allege that as a result, Visconti suffered money damages and liability and, but for the plaintiff's misrepresentations, Visconti would never have signed the mortgage and note necessary for the sale of the property. The court denies the motion to strike the third special defense since it is a valid special defense to a foreclosure action and has been adequately pleaded by the defendants since it relates to the making, validity and enforcement of the note.
The defendants' fourth special defense alleges that Visconti's default was due to the plaintiff's breach of the implied covenant of good faith and fair dealing in the making, validity and enforcement of a contract because the plaintiffs misrepresented or failed to disclose facts and injured the right of the defendants to receive the benefits of the agreement to purchase the property. "`[B]reach of an implied covenant of good faith and fair dealing has been recognized as a valid defense to a foreclosure action in Connecticut' . . . GMAC Mortgage Corp. v.Ferrante, [Superior Court, judicial district of Fairfield at Bridgeport, Docket. No. 343559 (October 3, 1997, West, J.)]. Although such a special defense has been recognized "under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application' . . . Id." First Union National Bank v. Shaver, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 063097 (September 3, 1998, Curran, J.). "The implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. Elis v. Meyer,213 Conn. 29, 36-37, 566 A.2d 422 (1989). It cannot be applied to achieve a result contrary to the clearly expressed terms of a contract unless those terms are possibly contrary to public policy. Id. "Although a breach of the implied covenant of good faith and fair dealing has been CT Page 15993 recognized as a valid special defense to a foreclosure action under the guise of equitable principles; see Citicorp Mortgage Inc. v. Kerzner,8 Conn.L.Rptr. 229, 230 (January 15, 1993, Curran, J.); a defendant must plead sufficient facts to justify its application' Shawmut Bank v.Carriage Hill Estates, Inc., [Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.)]." FederalNational Mortgage Associates v. Wang, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995,Curran, S.T.R.). "Bad faith means more than mere negligence; it involves a dishonest purpose . . . ." (Citation omitted; internal quotation marks omitted.) Gaudio v. Griffin Health Services Corp., 249 Conn. 523, 564,733 A.2d 197 (1999); see also, Federal National Mortaage Associates v.Wang, supra, Superior Court, Docket No. 045363.
The defendants sufficiently allege facts to support the proposition that the plaintiff failed to fulfill the reasonable expectations of the defendants with respect to the note and mortgage. The defendants allege that the plaintiff's misrepresentations and failure to disclose facts injured the right of the defendants to receive the benefits of the agreement to purchase the property. The defendants further allege that but for the misrepresentation and nondisclosure, Visconti would never have signed the mortgage and note. The court denies the motion to strike the fourth special defense since a breach of the implied covenant of good faith and fair dealing is a valid special defense to a foreclosure action. It has been adequately pleaded by the defendants and relates to the making, validity and enforcement of the note.
The defendants' fifth special defense alleges that Visconti's default was due to fraud, as defined under General Statutes § 42a-3-305, which induced Visconti to sign the mortgage and note and, but for this inducement and reliance, Visconti would never have signed the same. The plaintiff argues that the defendants' fifth special defense fails to allege a legally sufficient defense under the provisions of General Statutes § 42a-3-305. Under the statute, the fraud must have "induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms . . . ." General Statutes § 42a-3-305 (a)(1) (iii). "The theory of the defense is that the signature on the instrument is ineffective because the signer did not intend to sign such an instrument at all. Under this provision the defense extends to an instrument signed with knowledge that it is a negotiable instrument, but without knowledge of its essential terms. The test of the defense is that of excusable ignorance of the contents of the writing signed. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge." Cadle Co. v. Ginsburg, 51 Conn. App. 392, 404, 721 A.2d 1246, cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999). CT Page 15994
The defendants fail to allege facts to support its allegation that Visconti had no knowledge or reasonable opportunity to learn of the character or the essential terms of the mortgage and note. The plaintiff further argues that the note and mortgage are not negotiable instruments under the statute. Because the defendants' allegations are legally insufficient, it is not necessary to address whether the note and mortgage are negotiable instruments under the statute. The court grants the motion to strike the fifth special defense since this special defense is legally insufficient as alleged by the defendants.
The plaintiff argues that the defendants' sixth special defense, in which the defendants allege a violation of the Connecticut Unfair Trade Practices Act (CUTPA), is insufficient as a special defense and that the defendants are collaterally estopped from using this claim as a special defense. In their memorandum of law, the defendants concede that the sixth special defense is collaterally estopped from being relitigated. Therefore the court grants the motion to strike the sixth special defense.
In summary, the motion to strike is granted as to the defendants' fifth and sixth special defenses and denied as to all other special defenses.
The Court
By Curran, J.