CHARLES COOK, CONSERVATOR, *vs.* URI P. BARTHOLOMEW
AND OTHERS.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS,
SEYMOUR and TORRANCE, JS.

A deed with a condition for the support of a person for life and to be void
on the performance of the condition, is a mortgage.

If it should be necessary to foreclose such a mortgage the money value of
the incumbrance can be ascertained approximately, and that is sufficient for all the purposes of substantial justice.

Courts never refuse to redress an injury on account of the difficulty of estimating it in money.

An entry for the failure to perform such a condition in a mortgage is not
necessary.

[Argued November 18th, 1890—decided January 7th, 1891.]

SUIT for the foreclosure of a mortgage; brought to the Court of Common Pleas of Litchfield County. Demurrer to the complaint, and reservation for advice. The case is fully stated in the opinion.

*D. C. Kilbourn,* in support of the demurrer.

*R. E. Hall,* contra.

CARPENTER, J. This is a suit for the foreclosure of a mortgage, with the alleged mortgage annexed as an exhibit. The mortgage is in two parts—an ordinary deed for the consideration of nine hundred dollars, duly executed to convey real estate, and a condition thereto attached, of the same date, and signed by the grantor, as follows:—"The condition of the within deed is as follows: The said Bostwick, for the consideration named in the within deed, covenants and agrees with said Charles Cook as such conservator, that he will receive said Sarah A. Bostwick into his care and keeping during the term of her natural life, that he will provide for all her wants in a reasonable and proper way, will provide her with all needed food, drink and clothing, have a room and fire when needed, lodging and every necessary comfort, both in sickness and health, and at her decease give her decent and proper burial, and erect tombstones at her grave, with a suitable inscription thereon, within one year after her decease, said tombstones to be of a value of not less than fourteen dollars. Now therefore, if said Bostwick shall well and truly perform all and every of the above covenants and stipulations faithfully, then this deed to be void, otherwise to remain in full force and effect in law."

The complaint also alleges that the defendant Bostwick subsequently conveyed his interest in the premises to the defendant Jones, and that Jones conveyed his interest to the other defendant, Bartholomew. The defendants demurred, and the case is reserved.

Whether the instrument sued on is or is not a mortgage is the principal question in the case. What is a mortgage? "A mortgage is a contract of sale executed, with power to redeem. * * * The condition of a mortgage may be the payment of a debt, the indemnity of a surety, or the doing or not doing any other act. The most common method is to insert the condition in the deed, but it may as well be

done by a separate instrument of defeasance executed at the same time. * * * A bond or note is usually taken for the debt, which is described in the deed, with a condition that if the debt is paid by the time the deed shall be void. In such case the mortgage is called a collateral security for the debt. In like manner an engagement to indemnify, or any other agreement, may be described in the mortgage deed." 2 Swift's Digest, 182, 183. "To constitute a mortgage the conveyance must be made to secure the payment of a debt." *Bacon* v. *Brown*, 19 Conn., 29. "A conveyance of lands by a debtor to a creditor as a security for the payment of the debt." *Jarvis* v. *Woodruff*, 22 Conn., 548.

What is a debt? "That which is due from one person to another, whether money, goods or services; that which one person is bound to pay to another or to perform for his benefit; that of which payment is liable to be exacted; due; obligation; liability." Webster's Dictionary.

What is this case? Ammon Bostwick received $900 from the plaintiff, in consideration of which he agreed to support Sarah A. Bostwick during life, and at her death to bury her and to erect a tombstone to her memory. To secure the performance of this agreement he executed this deed, with a condition that the deed should be void if the agreement should be performed. He assumed a duty which may be aptly described as a debt. He executed a deed of real estate as collateral security for the performance of that duty —the payment of that debt. The obligation falls within an approved definition of debt, and the conveyance is within the legal definition of a mortgage.

There is no force in the objection that this cannot be a mortgage because of the difficulty in ascertaining the amount of the debt, as clearly appears by the definitions. Of course there is less certainty and more inconvenience in reducing an obligation of this nature to a money valuation than there is in computing the amount due on an ordinary bond or note. Nevertheless it may be approximately done; and that is sufficient for all the purposes of substantial justice. Courts never refuse to redress an injury on account of the

difficulty in estimating the extent of the injury in dollars and cents.

In this case the age, health, general condition and expectation of life of Sarah A. Bostwick must be known; add to these the probable cost of supporting her for one year, and we have the date for a reasonable estimate of the cost of supporting her through life. It is a problem of the same nature, containing the same elements and similar factors, with the problem which the parties solved fourteen years ago. They then, as it seems, fixed the outside limit at $900. The same thing can be done now as well as then. Possibly $900 may be considered an equitable limit beyond which the plaintiff may not claim in this case. As other circumstances may exist which will materially affect the general question, we will not consider the question further on this demurrer.

Regarding the conveyance as a mortgage, as we do, there is no foundation for the claim that an entry for a breach of the condition is essential. An entry is essential when the grantor would devest the grantee of his title for a breach of a condition. This is an action by the grantee, in whom the title is, not to enforce a forfeiture, but to foreclose an equity of redemption, unless the grantor, within a reasonable time allowed him therefor, pays the damage sustained by a breach of his agreement.

The Court of Common Pleas is advised to overrule the demurrer.

In this opinion the other judges concurred.