[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion for summary judgment should be granted when there is no genuine issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Practice Book 384; Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993). The court must consider the evidence submitted "`in the light most favorable to the nonmoving party.'" (Citation omitted.) Id. The moving party has the burden of showing there are no material facts in dispute. Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
 "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . .It is not enough, however, for the opposing party merely to assert the existence of such a disputed issued. `Mere assertions of fact. . .are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . .'"
CT Page 10853
(Citations omitted.) Scrapchansky v. Plainfield, supra, 450. "Mere statements of legal conclusions; United Oil Co. v. Urban Redevelopment Commission, [158 Conn. 364, 377, 260 A.2d 596
(1969)]; and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment. Connecticut Bank Trust Co. v. Carriage Lanne Associates, 219 Conn. 772, 784, 595 A.2d 334 (1991)." Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 170,604 A.2d 1339, aff'd 224 Conn. 240, 618 A.2d 506 (1992).
The plaintiff argues that the defendant Country Lumber, Inc. has admitted in its answer all the material facts at issue in the foreclosure action. The plaintiff argues further that the facts of paragraph five, which were denied by Country Lumber in its answer, are not material to the case. In addition, the plaintiff claims that Country Lumber's special defenses are legally insufficient with regard to a foreclosure action and, therefore, do not raise genuine issues of material fact.
Country lumber contends that whether "BOBC made advancements under the Note in accordance with the terms of the loan transaction" is a material fact in dispute. In addition, Country Lumber alleges three special defenses in which it claims that the "[P]laintiff's mortgage should not attach to the amount claimed for plaintiff violated the terms of the. . .mortgage deed." Country Lumber alleges in its first and second special defenses that the plaintiff committed fraud by failing to conform to the terms of the mortgage deed. Country Lumber alleges in its third special defense that the plaintiff was negligent in carrying out the terms of the mortgage deed.
"Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day." Barclays Bank of New York v. Ivler, 20 Conn. App. 163,166, 565 A.2d 252 (1989) citing Cook v. Bartholomew, 60 Conn. 24,27 22 A. 444 (1891). In addition to the mortgagor, subsequent lienholders have a right to redeem. General Statutes49-19. Consequently, the Connecticut Supreme Court has entertained special defenses to a foreclosure action that were raised by a junior lienholder. See Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
In Connecticut Bank Trust Co. v. Carriage Lane CT Page 10854 Associates, supra, Connecticut Bank Trust Company ("CBT") loaned money to Carriage Lane Associates ("Carriage Lane") in order to finance the construction of a condominium complex. Carriage Lane purchased the real estate for the development from John Hychko who retained a purchase money mortgage in the property. The mortgage held by Hychko was subordinate to that held by CBT. Hychko was not involved with the construction mortgage between CBT and Carriage Lane.
Hychko claimed that CBT "owed him a duty to advance loan proceeds to Carriage Lane only in accordance with the terms of [the] agreement. . .and that CBT had violated the terms of that agreement by overadvancing approximately $3,000,000." Id, 777. The court held that in the absence of bad faith, the senior mortgagee did not owe the junior mortgagee any legal duty even where the senior mortgagee made advancements in contradiction to the terms in the construction mortgage. Id., 783-86; see also First Connecticut Small Business Investment Co. v. Arba, Inc.,170 Conn. 168, 175-76, 365 A.2d 100 (1976).
Absent bad faith, collusion, or an express agreement, a first mortgagee has no legal duty to a junior encumbrancer. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra 782-83. "`[I]n the absence of. . . collusion, or an express agreement [between the junior and senior mortgagee], a senior mortgagee is under no obligation to see that moneys it advances are employed by the borrower in the manner contemplated by the subordinated purchase money mortgagee.'" Id., 782, quoting First Connecticut Small Business Investment Co. v. Arba, Inc., supra, 177; Shawmut, N.A. v. Concord Steel Corp. of Conn., Superior Court, Judicial District of Middlesex, Docket No. 67176 (June 2, 1993, Walsh, J.).
In the present case, the defendant Country Lumber did not allege any facts regarding bad faith or collusion. Rather, Country Lumber, in its first and second special defenses, merely alleged fraud with no supporting facts or evidence. Consequently, Country Lumber's allegations of fraud do not raise any issues of material fact.
With regard to the third special defense which alleges negligence, as a matter of law, a party cannot be negligent where it owed no duty to the other party. O G Industries, Inc. v. New Milford, 29 Conn. App. 783, 790, 617 A.2d 938
(1992), citing Calderwood v. Bender, 189 Conn. 580, 584, CT Page 10855457 A.2d 313 (1983). "`[B]ad faith means more than mere negligence; it involves a dishonest purpose.'" (Citation omitted.) Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 248,618 A.2d 506 (1992). Consequently, Country Lumber's allegation of negligence does not raise a material issue of fact.
Country Lumber admits that its interests in the property are subsequent and subordinate Victoria's interests. Accordingly, Country Lumber has admitted all material facts regarding the plaintiff's right to a judgment of foreclosure of Country Lumber's right of redemption. The three special defenses raised by Country Lumber do not raise material issues of fact sufficient to defeat the plaintiff's motion. Consequently, the plaintiff's motion for summary judgment is granted.
Sorokin, Sorokin, Gross, Hyde Williams for plaintiff.
W. A. Deandrade for defendant.