[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION TO STRIKE (#133)
On November 12, 1992, the plaintiff, Farmers and Mechanics Bank, commenced this action to foreclose two mortgages executed by the defendants, Peter and Anne Santangelo, for alleged nonpayment. On August 25, 1993, the defendants filed an answer and two special defenses alleging payment and breach of the covenant of good faith and fair dealing, respectively. On March 3, 1995, the defendants filed an amended answer which added a third special defense, interference with the sale of property, and a three count counterclaim alleging interference with the sale of property, breach of the Bank Privacy Act and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq.
On August 29, 1995, the plaintiff filed a motion to strike each of the defendants' special defenses and their counterclaim on the ground that they are legally insufficient in that they do not challenge the making, validity or enforcement of the notes or mortgages, and do not arise out of the same transaction as the foreclosure action. In accordance with Practice Book § 155, the plaintiff filed a memorandum in support of its motion to strike, and the defendants timely filed a memorandum in opposition.
"`Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense CT Page 14045 contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.'" Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). "In deciding the plaintiff's motion to strike, . . . the court [is] obliged . . . to assume the truth of the allegations contained in the defendants' special defense[s]." Ivey, Barnum, O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2,461 A.2d 1369 (1983). If facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
"There is currently a split of authority among the judges of the Superior Court regarding the scope of available defenses to a foreclosure action. Historically, the defenses available in a foreclosure action have been limited to payment, discharge,' release, satisfaction or invalidity of a lien." ConnecticutNational Bank v. Grella Family Investment Partnership, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292814 (August 19, 1993, Leheny, J.), citing Petterson v.Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927); Hans L. Levi,Inc. v. Kovacs, Superior Court, judicial district of Litchfield, Docket No. 56101 (November 4, 1991, Pickett, J., 5 CTLR 260). In recognition that a foreclosure action is an equitable proceeding, however, several courts have recently allowed allegations of mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, and refusal to agree to a favorable sale to a third party as defenses to a foreclosure action. See Great Western Bank v. McNulty, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139799 (March 16, 1995, D'Andrea, J.); National Mortgage Co. v.McMahon, Superior Court, judicial district of New Haven, Docket No. 349246 (February 18, 1994, Celotto, J., 9 CSCR 300). "Foreclosure is an equitable action, permitting the trial court to examine all matters to ensure that complete justice may be done. . . . Thus, the determination of what equity requires in a particular case . . . is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Bombero, 37 Conn. App. 764, 773, 657 A.2d 668
(1995). CT Page 14046
"Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." (Citation omitted.) Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J., 8 CTLR 522). Thus, a majority of courts have held that equitable defenses are only proper when they attack the making, validity or enforcement of the note or mortgage. See, e.g., Union Trust Co. v. Whittier, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316076 (July 31, 1995, Tobin, J.); Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London, Docket No. 527050 (March 1, 1994, Leuba, J.); Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 11149 (February 24, 1994, Sylvester, J.); National Mortgage Co. v. McMahon, supra; ShawmutBank v. Wolfley, Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. 130109 (January 24, 1994, Dean, J.,9 CSCR 216); Lafayette Bank Trust Co. v. D'Addario, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993, Maiocco, J., 10 CTLR 224); First FederalBank v. Zavatsky, Superior Court, judicial district of Danbury, Docket No. 308950 (September 24, 1993, Moraghan, J., 8 CSCR 1128);Town of Stratford v. Siciliano, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296847 (August 5, 1993, Leheny, J., 8 CSCR 924); Centerbank v. Motor Inn Assoc., Superior; Court, judicial district of New Haven, Docket No. 335869 (August 2, 1993, Thompson, J., 9 CTLR 505); Citytrust v. Kings GateDevelopers, Inc., Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. 107956 (October 19, 1990, Lewis, J., 2 CTLR 639).
The defendants allege in their first special defense that they are not in default due to the plaintiff's failure to apply payments to the notes in question.[1] An allegation of payment constitutes a traditional common law defense to a foreclose actionPetterson v. Weinstock, supra, 106 Conn. 441. Accordingly, the plaintiff's motion to strike the defendants' first special defense is denied.
The defendants allege in their second special defense that the plaintiff breached the covenant of good faith and fair dealing by CT Page 14047 accepting payments by the defendants and not applying the payments to the notes. The implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. Eis v. Meyer, 213 Conn. 29, 36-37, 566 A.2d 422 (1989). The defendants allege that the "[p]laintiff's failure to apply credits properly was contrary to the reasonable expectation of the parties." Defendants' Memorandum at 5.
"Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application." (Citation omitted.) Shawmut Bank v. Carriage Hill Estates, Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.). "Bad faith means more than mere negligence; it involves a dishonest purpose." Bank of BostonConnecticut v. Victoria Court, Inc., Superior Court, judicial district of Waterbury, Docket No. 100526 (December 13, 1993, Sylvester, J., 9 CSCR 58). In this case, the defendants have failed to allege any facts from which it could be found that the plaintiff's conduct involved more than mere negligence. Accordingly, the plaintiff's motion to strike the defendants' second special defense is granted.
The defendants allege in their third special defense that the plaintiff interfered with the sale of property to a third party and failed to mitigate damages. Although "[t]he conduct of a bank after the default in a mortgage note may result in a diminution of the interest a bank may recover . . . the concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain, the repayment of which has been agreed to by the defendant maker of a promissory note." (Citation omitted.) Fleet Bank v. Barlas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J., 12 CTLR 32). In addition, the defendants' allegations in their third special defense address actions of the plaintiff after the alleged default, and do not address the making, validity or enforcement of the note. Accordingly, the plaintiff's motion to strike the defendants' third special defense is granted.
The defendants' three count counterclaim is based upon the same allegation made in their third special defense, that the plaintiff interfered with the potential sale of property to a third party. Once again, such allegations do not attack the note itself, CT Page 14048 but acts of the mortgagor. Accordingly, the plaintiff's motion to strike the defendants' counterclaim is granted.
In conclusion, the plaintiff's motion to strike the defendants' first special defense is denied. The plaintiff's motion to strike the defendants' second and third special defenses and counterclaim is granted.
BY THE COURT STANLEY, J.