## WEBSTER TRUST, TRUSTEE, ET AL. *v.* MARDIE LANE HOMES, LLC, ET AL.
### (AC 26349)

Lavery, C. J., and Dranginis and Stoughton, Js.

Argued November 15, 2005—officially released January 31, 2006

---

[16] The quoted language is the relief sought by the plaintiff in his complaint.

*David C. Grimes*, with whom, on the brief, was *Bruce L. Elstein*, for the appellant (defendant East Haven Builders Supply, Inc.).

*Jessica L. Braus*, for the appellee (substitute plaintiff Hamari Ventures, LLC).

*Opinion*

STOUGHTON, J. In this appeal, the defendant East Haven Builders Supply, Inc.,[1] a subsequent encumbrancer, seeks to set aside the judgment of strict foreclosure rendered in favor of the substitute plaintiff, Hamari Ventures, LLC,[2] the holder of the first mortgage. The claims on appeal are that the trial court improperly (1) rendered judgment prior to hearing the defendant's motion to consolidate[3] and (2) failed to make a finding

[1] Mardie Lane Homes, LLC, the named defendant, is not a party to this appeal, nor are any of the subsequent encumbrancers who were named as defendants except East Haven Builders Supply, Inc. We refer to East Haven Builders Supply, Inc., in this opinion as the defendant.

[2] The plaintiff Webster Trust, Trustee, assigned its mortgage to Hamari Ventures, LLC, which was substituted as the plaintiff on December 21, 2004. In this opinion, Webster Trust, Trustee, is referred to as the plaintiff, and Hamari Ventures, LLC, is referred to as the substituted plaintiff.

[3] The defendant makes a third claim on appeal that the court improperly denied its motion to consolidate. The court denied the defendant's motion to consolidate after it filed this appeal, and the defendant did not amend the appeal as required by Practice Book § 61-9. Therefore, we will not review

of value when it set a new law day. We affirm the judgment of the trial court.

There is no dispute regarding the facts. Mardie Lane Homes, LLC (Mardie Lane), was the owner of property in Groton on which it proposed to develop a subdivision. An application for subdivision was approved by the town planning commission on October 27, 1998, and Mardie Lane posted the required performance bond to ensure the completion of public improvements. Five years having expired without Mardie Lane's completion of the subdivision, the Groton planning commission placed on the land records a notice of expiration of the subdivision on November 10, 2003.

On June 18, 1999, Mardie Lane executed a note in the amount of $585,000 in favor of the plaintiff, secured by a mortgage on lots three through twelve and twenty through twenty-eight in the proposed subdivision. On October 27, 1999, Mardie Lane executed a note in the amount of $300,000 in favor of the defendant, secured by a mortgage on the subject premises.

No payments were made on the plaintiff's note, and on February 9, 2004, the plaintiff filed a motion for a judgment of strict foreclosure. On February 24, 2004, the defendant responded with four filings: (1) an objection and request for stay; (2) a notice of intent to argue fair market value; (3) a motion to cite in other parties; and (4) a motion for an order of mandamus to compel the town of Groton to call the performance bond.

On March 1, 2004, the court held a hearing at which it considered the motion for a judgment of strict foreclosure. At that hearing, the plaintiff presented an appraiser, who appraised the subject property as raw

that claim. See *Jewett* v. *Jewett*, 265 Conn. 669, 673 n.4, 830 A.2d 193 (2003) (declining to consider claim challenging court's postjudgment order because appellant did not amend appeal pursuant to Practice Book § 61-9).

land zoned residential and estimated its fair market value to be $139,000.

Counsel for the defendant cross-examined the appraiser and suggested that the land would have greater value as a subdivision than it would have as raw land. No evidence of any such greater value was offered, however, and no offer of proof was made by the defendant.[4] The court granted the motion for a judgment of strict foreclosure and found the value to be $139,000. The defendant filed an appeal from that judgment on May 6, 2004, which this court dismissed on October 12, 2004, for failure to prosecute.

On June 16, 2004, while that appeal was still pending in this court, the town of Groton and the surety company on the performance bond filed a declaratory judgment action seeking guidance on the town's responsibility as to calling the bond. The defendant filed a counterclaim in that action seeking to have the town call the bond.[5]

Following the dismissal of the appeal, on February 7, 2005, the substituted plaintiff sought to open the foreclosure judgment to set a new law day. Also on February 7, 2005, the defendant filed a motion to consolidate the foreclosure action and the declaratory judgment action. On February 14, 2005, the court heard argument on the substituted plaintiff's motion to open. At that argument, the defendant objected to opening the judgment on the ground that its motion to consolidate still was pending. The court opened the judgment and set a new law day of March 14, 2005.[6]

---

[4] The defendant never foreclosed its own mortgage, which it might have done at any time. See Bankers Trust of California, N.A. v. Neal, 64 Conn. App. 154, 158, 779 A.2d 813 (2001).

[5] The case was pending in the Superior Court when this opinion was released. See Groton v. Mardie Lane Homes, LLC, Superior Court, judicial district of Tolland, Docket No. CV-04-4001212.

[6] At the hearing, the court also granted the substituted plaintiff's motion, filed on February 8, 2005, to terminate prospectively the appellate stay under Practice Book § 61-11 (c) and (d) in anticipation of the defendant's appeal.

On February 15, 2005, the court specially assigned the motion to consolidate for a hearing on April 11, 2005. On March 1, 2005, the defendant filed this appeal. On April 11, 2005, the court denied the defendant's motion to consolidate.

I

The defendant claims first that the court abused its discretion when it opened the judgment of strict foreclosure and set a new law day prior to ruling on the defendant's motion to consolidate. It asserts that the court, in balancing the interests of both parties, first should have ruled on the motion to consolidate because the declaratory judgment action had the potential to affect the value of the subject property in the foreclosure action.[7] We disagree.

"The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. . . . A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial

On February 23, 2005, the defendant filed a motion for review of the order, and on June 22, 2005, this court granted the motion for review and vacated the court's ruling prospectively terminating the appellate stay.

[7] In fact, that argument has been the underlying premise for the claims made by the defendant throughout these foreclosure proceedings. The defendant is of the opinion that the town of Groton improperly filed a notice of expiration of subdivision approval and instead should have called the improvement bond to construct a road pursuant to the provisions of General Statutes § 8-26c (c). General Statutes § 8-26c (c) provides in relevant part that in the case of a subdivision plan approved on or after October 1, 1977, failure to complete all work within five years after approval shall result in automatic expiration of approval provided the commission shall file notice of expiration on the land records. Section 8-26c (c) provides further that if lots have been conveyed during the five year period, the municipality shall call the bond to the extent necessary to complete bonded improvements and utilities required to serve those lots. We note with regard to the defendant's position that although the subject property was mortgaged, no evidence was presented that any of the lots had been sold or that any improvements had been made on the subdivision within the five year period.

court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citation omitted; internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 811–12, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005). In addition, "matters of judicial economy, docket management and control of courtroom proceedings are particularly within the province of a trial court." *Marshall* v. *Marshall*, 71 Conn. App. 565, 575, 803 A.2d 919, cert. denied, 261 Conn. 941, 808 A.2d 1132 (2002).

During the hearing on the motion to open the judgment of strict foreclosure, the defendant objected on the ground that its motion to consolidate still was pending with the court.[8] The defendant's motion, however, was not in the court's file at that time. The court concluded that rather than delay the judgment of foreclosure, it could rule on the motion to consolidate at a later date.

We do not agree with the defendant that its interests were harmed by the court's ruling on the motion to open. The defendant received its hearing on its motion to consolidate, and the court ruled on the motion.[9] Further, the record indicates that the court considered the harm to the substituted plaintiff that would result if the foreclosure proceeding was delayed. We conclude,

[8] The defendant never filed a motion to stay or to continue the foreclosure proceedings until the court ruled on the motion to consolidate.

[9] Although the court set the hearing on the motion to consolidate on a date after the law days would have run, under the facts of this case, the defendant was not precluded from having its motion heard and decided by the court before the running of the law days.

therefore, that the court did not abuse its discretion when it ruled on the motion to open the judgment of strict foreclosure.

II

The defendant claims next that the court improperly failed to make a new finding of value at the time it set the new law day. We disagree.

As we stated in part I, because judgments of strict foreclosure are reviewed only for abuse of discretion, every reasonable presumption will be made in favor of the correctness of the trial court's actions. *Federal Deposit Ins. Corp.* v. *Owen*, supra, 88 Conn. App. 811–12. "We will disturb the trial court's determination of valuation, therefore, only when it appears on the record before us that the court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard." (Internal quotation marks omitted.) *Bank of Southeastern Connecticut* v. *Nazarko Realty Group*, 49 Conn. App. 452, 457, 714 A.2d 722 (1998).

The court heard evidence on the value of the subject property at the initial foreclosure hearing on March 1, 2004, found the value of the property to be $139,000 and rendered judgment of strict foreclosure. At that hearing, the defendant put forth no evidence of the property's value and made no offer of proof. On February 14, 2005, during the hearing on the motion to open the judgment of strict foreclosure, the defendant again failed to present any evidence that the value of the property was in excess of $139,000. Although the defendant moved to consolidate the foreclosure action with the declaratory judgment action, that motion was denied and that denial is not reviewable by this court.[10] Because there was no evidence of any other value, the

---

[10] See footnote 3.

defendant's claim as to value in excess of $139,000 is based on nothing more than speculation. In the absence of any such evidence, we cannot say that the court abused its discretion when it did not revalue the subject property on February 14, 2005.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.