CADLE COMPANY *v.* MAUREEN A. CLARK ET AL.
(AC 31890)

Gruendel, Beach and Sullivan, Js.

Argued November 19, 2010—officially released March 8, 2011

*Maureen A. Clark*, pro se, the appellant (named defendant).

*Jerome Pagter*, with whom, on the brief, was *Gregory T. Lattanzi*, for the appellee (plaintiff).

BEACH, J. The defendant Maureen A. Clark[1] appeals from the judgment of the trial court denying her motion to open the judgment of strict foreclosure rendered in favor of the plaintiff, the Cadle Company.[2] On appeal, Maureen Clark claims that the court abused its discretion in denying her motion to open because (1) the plaintiff allegedly did not properly serve several of the parties cited in as defendants and (2) her property was incorrectly valued because of alleged misrepresentations made by the plaintiff. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of Maureen Clark's appeal. The

---

[1] In addition to Clark, as the named defendant, the plaintiff, the Cadle Company, later cited in five defendants: Eastlan Investment Corporation; John R. McGrail; Barbara E. Crowley, if living, and her widower and heirs if not living; First Trust Financial; and Robert Clark. The plaintiff included Robert Clark as a defendant because he owns a one-half interest in the property at issue and was in possession of the property at the time this action was initiated. The plaintiff also named several other entities as subsequent encumbrancers, including National Loan Investors, L.P., claiming that their interests in the property were inferior to the plaintiff's interest even though their mortgages on the property were recorded prior to the plaintiff's judgment lien. None of those entities are involved in this appeal. Maureen Clark is the only party appealing from the judgment of the trial court.

[2] On her appeal form, Maureen Clark indicated that she was appealing from the judgment of strict foreclosure. She, however, failed to file either an appeal from the underlying judgment or a motion to open within twenty days after the judgment was rendered. This court previously has stated: "Where an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citations omitted; internal quotation marks omitted.) *Stephen* v. *Hoerle*, 39 Conn. App. 253, 256–57, 664 A.2d 817, cert. denied, 235 Conn. 928, 667 A.2d 555 (1995). Accordingly, Clark's appeal is limited to the court's denial of her motion to open the judgment of strict foreclosure.

plaintiff commenced this action on March 27, 2007, to foreclose its judgment lien[3] on property in Stonington in which Maureen Clark holds a one-half ownership interest.[4] On May 28, 2008, the plaintiff filed an amended complaint along with a motion to cite in five additional defendants.[5]

The plaintiff allegedly experienced difficulty in attempting to locate and to contact some of the parties it sought to cite in as defendants and, thus, filed a motion for an order of notice by publication. On June 26, 2008, the court, *Martin, J.*, granted the plaintiff's motion to cite in the additional defendants and ordered that the five parties listed in that motion be summoned as codefendants in the action. The court also granted the plaintiff's motion for an order of notice by publication. The court ordered that notice of the action be given to Eastlan Investment Corporation, First Trust Financial and Barbara E. Crowley, if living, and her widower and heirs if she is not living, by way of publication in a daily newspaper or by serving them in a manner prescribed by law. The court also ordered that John R. McGrail and Robert Clark be served in a manner prescribed by law. The court finally ordered that the five parties cited in as defendants appear "on or before the second day following July 29, 2008 . . . ." The plaintiff then served the cited in defendants by publishing notice of the action in the Westerly Sun and served copies of the materials on Maureen Clark at her residence.

On August 7, 2008, the plaintiff filed a motion for default for failure to appear because the five defendants cited in failed to appear on or before the second day

---

[3] The lien had been assigned to the plaintiff by Fleet Bank, N.A., on May 9, 1995.

[4] The remaining one-half interest is owned by Robert Clark, who was cited in as a defendant. See footnote 1 of this opinion.

[5] See footnote 1 of this opinion.

following July 29, 2008, as ordered by the court. The motion was granted. The plaintiff thereafter filed a motion for summary judgment as against Maureen Clark as to the issue of liability, which the court granted on August 4, 2009.

The plaintiff then filed a motion for a judgment of strict foreclosure, and a hearing was held on November 2, 2009. At the hearing, the plaintiff presented evidence as to the value of Maureen Clark's property and the amount of equity she held in the property. Maureen Clark did not attend the hearing, and, thus, she presented no evidence as to the value of the property or any equity she may have held in the property. On the basis of the evidence presented, the court, *Devine, J.*, granted the plaintiff's motion for a judgment of strict foreclosure on November 2, 2009. The court set law days to begin on January 19, 2010, and to run through January 26, 2010. Maureen Clark filed a motion to open the judgment of strict foreclosure on January 21, 2010, and the court held a hearing on January 22, 2010. At the hearing, Maureen Clark argued that the judgment of strict foreclosure should be opened because the plaintiff failed to serve the parties cited in as defendants properly and that the plaintiff misrepresented information pertaining to the value of her property. The court denied Maureen Clark's motion to open, and this appeal followed. Additional facts will be set forth as necessary.

I

Maureen Clark first claims that the court abused its discretion in denying her motion to open because the plaintiff allegedly did not properly serve several of the parties cited in as defendants. We disagree.

We begin by setting forth our standard of review. "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open . . . a judgment . . . is addressed to the [trial] court's

discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bhatia* v. *Debek*, 287 Conn. 397, 417, 948 A.2d 1009 (2008).

Maureen Clark claims that the plaintiff never properly served the parties cited in as defendants because they were not served personally. She alleges that it was improper for the plaintiff to serve them by publishing notice in the Westerly Sun and by sending the summons and amended complaint to her residence. It is her contention that, because she provided the plaintiff with an affidavit containing contact information for the defendants who were cited in, the plaintiff should have served them personally. Accordingly, Maureen Clark maintains that this alleged improper service of process is a ground for opening the judgment of strict foreclosure. The court, however, concluded that she suffered no harm as a result of the alleged improper service and, thus, denied her motion to open on this ground.[6] We agree.

It is important to note that Maureen Clark does not allege that the plaintiff improperly served her. At the

---

[6] In its ruling, the court stated orally: "[A]s to the issue of the [cited in] defendants, it would appear to me that they would have been the ones that have proper standing to raise those particular claims as to the validity of [service of process]." The court did not proceed by discussing or analyzing any of the elements that are required for a party to have legal standing. It seems clear from the context of the court's ruling that it did not intend to use the word "standing" for its narrow, technical definition. Rather, the court referred to "standing" as a means of stating that Maureen Clark was in no way harmed by the alleged improper service of process, though it may have been conceivable that a defendant who been cited in but had not been served could have been harmed. Thus, the court did not err in declining to grant the motion to open.

hearing on her motion to open, she explicitly stated several times that she was served properly. Therefore, our review is limited to whether the court abused its discretion in denying Maureen Clark's motion to open because the defendants who were cited in were allegedly improperly served. We conclude that Maureen Clark failed to show that she was harmed by any alleged improper service of process, and, thus, her motion to open was denied properly.

In the present case, Maureen Clark's reliance on defective service of process is misplaced. She has not analyzed how she suffered any harm as a result of the alleged improper service of process on the parties cited in as defendants. Nowhere does she claim that it adversely affected her interest in the present foreclosure action in any conceivable way. In fact, the only support she provided in favor of her argument at the January 22, 2010 hearing was an affidavit of Ed Zak, a "contact party" for "certain primary lien positions on the property," claiming that those entities had never been personally served. Maureen Clark also attached a purported affidavit of Robert Clark to her appellate brief, along with an unsworn version of Zak's affidavit. Robert Clark's "affidavit" was neither notarized nor witnessed; it was merely a signed statement claiming that he had never been served. Additionally, Zak's affidavit and Robert Clark's unsworn statement did not show why any alleged improper service of process would have affected or prejudiced Maureen Clark in any way. Furthermore, Maureen Clark fully ignored the fact that the court authorized the plaintiff to serve three of the parties cited in as defendants by publication. She makes no argument claiming that the court erred in granting the plaintiff's motion for an order of notice by publication. Accordingly, we conclude that the court properly determined that Maureen Clark suffered no

harm as a result of any alleged improper service of process.[7]

## II

Maureen Clark also claims that the court abused its discretion in denying her motion to open because the property was incorrectly valued as a result of alleged misrepresentations made by the plaintiff. Specifically, she claims that she presented evidence at the hearing on the motion to open, which proved that the property was worth significantly more than what the court determined it was worth at the foreclosure hearing, and that she held a substantial amount of equity in the property. We disagree.

The following additional facts are relevant to our resolution of Maureen Clark's claim. At the November 2, 2009 hearing regarding the plaintiff's motion for a judgment of strict foreclosure, the plaintiff offered evidence as to the value of Maureen Clark's property and the amount of equity she held in the property. The plaintiff provided the court with an appraisal that valued Maureen Clark's interest in the property to be worth $340,000.[8] The plaintiff also provided evidence that established that Maureen Clark was indebted to it in the amount of $160,115.19 and liable for $13,396 in attorney's fees. The plaintiff further established that the property was subject to subsequent encumbrances exceeding $1 million. The court, therefore, acknowledged that Maureen Clark held no equity in the property.

[7] Maureen Clark emphasized the alleged improper service of process on Robert Clark because of his one-half ownership interest in the property. In addition to finding that Maureen Clark lacked standing to raise this challenge, the court also determined that Robert Clark was served properly nonetheless. In any event, because the plaintiff was not foreclosing on Robert Clark's one-half interest, the alleged improper service is of no consequence.

[8] The appraisal valued the whole property at $680,000. Because Maureen Clark holds only a one-half ownership interest in the property, however, the interest being foreclosed on was half of the total value of the property: $340,000.

The plaintiff also argued that the property was subject to the one-half ownership interest of Robert Clark and was therefore less marketable. As was stated previously, Maureen Clark did not attend the hearing and, thus, presented no evidence to the contrary. On the basis of the evidence presented, the court ordered a strict foreclosure.

At the January 22, 2010 hearing regarding Maureen Clark's motion to open, she claimed that the plaintiff misrepresented the value of the property and that it was worth substantially more than what the trial court determined. In support of this contention, she represented to the court that she had had an appraisal conducted on her property that estimated the value of the property to be $1.6 million. She also attached what she claimed to be an affidavit to her appellate brief. This supposed affidavit, however, was merely a statement signed by the plaintiff stating that she had had an appraisal conducted and that the property had been valued at $1.6 million. The supposed affidavit was not notarized, witnessed or signed by any other party, nor was it offered as evidence at the hearing. In denying the motion to open, the court stated: "If there was a challenge as to the value of the property, that should have been made at the time of judgment. Also, if the court were to consider a foreclosure by sale rather than a strict foreclosure, the court needed evaluation of the subject property at the time of the hearing as one factor in making its determination whether or not it would grant a motion for strict foreclosure or a motion for foreclosure by sale. The court did take into consideration the fact that there were [substantial] encumbrances listed on the foreclosure worksheet of over $1 million on the subject property. . . . The court, again, heard no argument or objection from [Maureen Clark], as she did not appear at the hearing. So, the court took that into consideration, determining that there was no

equity in the subject property, and ruled in favor of a strict foreclosure on behalf of the plaintiff."

A court's denial of a motion to open a judgment is reviewed only for abuse of discretion. "[E]very reasonable presumption will be made in favor of the correctness of the trial court's actions. . . . [Furthermore], [w]e will disturb the trial court's determination of valuation, therefore, only when it appears on the record before us that the court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard." (Citation omitted; internal quotation marks omitted.) *Webster Trust* v. *Mardie Lane Homes, LLC*, 93 Conn. App. 401, 407, 891 A.2d 5 (2006).

Maureen Clark argues that the plaintiff made misrepresentations regarding the value of her property and that it is worth substantially more than what the court determined, yet she provided no evidence credited by the court to support this proposition. The only evidence that she offered to support her contention that her property was worth more than the court determined were representations at the hearing on the motion to open during which she claimed that she had had an appraisal done and that the appraiser had determined that the property was worth $1.6 million. The plaintiff, on the other hand, provided the court with sufficient evidence at the foreclosure hearing for the court to determine that a strict foreclosure was proper. The plaintiff provided the court with an appraisal affidavit and an affidavit of debt, and argued that a one-half property interest is less marketable than an outright ownership interest. Accordingly, we conclude that the court's valuation of the property was supported by the record,[9] and, thus, the court did not abuse its discretion in denying Maureen Clark's motion to open.

[9] We are specifically not deciding the question of under what circumstances a trial court may revisit the issue of valuation in a hearing on a motion to open when such motion is filed more than twenty days after the judgment of foreclosure is rendered.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.