JP MORGAN CHASE BANK, SUCCESSOR TRUSTEE (BANK ONE, NATIONAL ASSOCIATION) *v.* DEAN A. GIANOPOULOS ET AL. (AC 32681)

DiPentima, C. J., and Beach and Schaller, Js.

Argued May 26—officially released August 30, 2011

*Sophie Gianopoulos*, pro se, the appellant (defendant).

*Jessica L. Braus*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The self-represented defendant Sophie Gianopoulos appeals from the judgment of strict foreclosure, as opened and modified, rendered in favor of the plaintiff, JP Morgan Chase Bank, successor trustee in interest to Bank One, National Association. She claims that during a hearing on the plaintiff's motion to open the judgment for the purpose of setting new law days, when attorney Stuart Ratner identified himself as representing "the defendant," the court abused its discretion by failing to inquire whether Ratner represented her interests as well as those of Dean A. Gianopoulos, the named defendant.[1] The plaintiff maintains

---

[1] The plaintiff also named Central Credit Union, Questech Financial, LLC, and the United States Internal Revenue Service as defendants. Because only Sophie Gianopoulos has appealed, we refer to her as the defendant for purposes of this opinion.

that, in light of the procedural history of this case and the defendant's failure to provide any record in support of her claim on appeal, this appeal was taken solely for the purpose of delay. It requests that this court dismiss the appeal and enter the order nunc pro tunc. We dismiss the appeal but decline to enter the order nunc pro tunc.

The following facts and procedural history are relevant. The plaintiff commenced this foreclosure action in December, 2007. In its complaint, it alleged that Dean A. Gianopoulos defaulted on a note secured by a mortgage on the subject premises, a residence in Stamford. It further alleged that the defendant is the record owner of the premises and is in possession thereof. Ratner filed an appearance on the defendant's behalf on January 8, 2008, and filed an appearance on behalf of Dean A. Gianopoulos on February 1, 2008. The court rendered judgment of foreclosure by sale on February 4, 2008, and set a sale date of August 9, 2008.

The defendant, appearing pro se, filed a petition in the United States Bankruptcy Court for the District of Connecticut (Bankruptcy Court) dated July 8, 2008, which served to stay the foreclosure proceedings automatically.[2] The plaintiff obtained from the Bankruptcy Court an order granting it relief from the bankruptcy stay. The plaintiff filed a motion to open the foreclosure judgment for the purpose of setting a new sale date, which the court granted, setting a sale date of November 1, 2008. The sale did not go forward as scheduled because the defendant filed notice that the Bankruptcy Court had revived the stay. The bankruptcy action eventually was dismissed without prejudice in July, 2009.

---

[2] The filing of a bankruptcy petition with the Bankruptcy Court operates as a stay, applicable to all actions or proceedings against the debtor. The Bankruptcy Court, however, has the power to grant relief from the automatic stay. See *Stec* v. *Raymark Industries, Inc.*, 114 Conn. App. 81, 85 n.3, 968 A.2d 960 (2009), rev'd on other grounds, 299 Conn. 346, 10 A.3d 1 (2010).

On the plaintiff's motion, the court opened the judgment for the purpose of setting a new sale date, which the court set for October 31, 2009. Days before the scheduled sale, the defendant again sought bankruptcy protection, which again stayed the foreclosure proceedings. The Bankruptcy Court dismissed the action on December 16, 2009.

On December 18, 2009, the plaintiff filed another motion to open the foreclosure judgment for the purpose of resetting the sale date. On January 25, 2010, the trial court ordered that the foreclosure by sale be converted to a strict foreclosure and set February 23, 2010, as the law day for the owner of the equity of redemption.[3] Prior to the law day, the defendant moved the Bankruptcy Court to vacate the dismissal of her petition, and the foreclosure action was again stayed. The bankruptcy action was dismissed on August 5, 2010.[4]

On August 6, 2010, the plaintiff filed another motion to open the foreclosure judgment; this time, the motion was for the purpose of setting a new law day. At a hearing on the motion on August 16, 2010, the court made an updated finding of debt and an updated finding of the fair market value of the property and rendered judgment setting the new law days to begin September 21, 2010.

On September 7, 2010, the defendant filed the present appeal and, consequently, the automatic appellate stay provision pursuant to Practice Book § 61-11 (a) is in

---

[3] The record does not contain a memorandum of decision or a transcript of the proceedings concerning this change, neither party has provided to this court an explanation for it, and no timely appeal was taken from this decision.

[4] On August 5, 2010, the Bankruptcy Court conducted a hearing on the defendant's motion to vacate the dismissal, as well as the plaintiff's motion for a relief from stay. The defendant made an oral motion to continue the hearing. The court denied this motion and dismissed the case.

effect.[5] The plaintiff filed a motion to dismiss this appeal nunc pro tunc, which this court denied without prejudice to the plaintiff including those arguments in its brief on the merits.

The defendant's sole claim of error on appeal is that the court abused its discretion because it failed to inquire whether Ratner represented both her and Dean A. Gianopoulos at the hearing. She appears to argue that, as a result, her interest was not properly represented at the August 16, 2010 hearing on the plaintiff's motion because there was a "distinct possibility that . . . Ratner was purporting to express agreement only on behalf of Dean [A. Gianopoulos] . . . ." The defendant filed with this court a transcript of the hearing in which Ratner identified himself as representing "the defendant." In her brief, the defendant argues that it was incumbent on the court to consider "the relevant circumstances to determine whether there was actual agreement on the foreclosure orders, including the law date." She cites a single case for the general proposition that the trial court may consider all relevant circumstances to ensure that "complete justice is done," but provides no facts or analysis to suggest that the court acted improperly in any way.

The appellant is responsible for providing this court with an adequate record for review; see *Stechel* v. *Foster*, 125 Conn. App. 441, 444, 8 A.3d 545 (2010), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011); Practice Book § 61-10; which includes providing a memorandum of decision or a signed transcript of the court's oral decision pursuant to Practice Book § 64-1. "Despite an

---

[5] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

appellant's failure to satisfy the requirements of Practice Book § 64-1, this court has, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Internal quotation marks omitted.) *Stechel* v. *Foster*, supra, 445. The defendant's claim of error is that the court failed to inquire whether counsel represented both civil defendants. The defendant provided an unsigned transcript of the challenged proceedings. The transcript provided allows us to conclude that the court did not, in fact, make such an inquiry. The defendant, however, offers no factual or legal basis for us to conclude that the court should have done otherwise.[6]

The transcript contains detailed findings regarding the foreclosure judgment and demonstrates that the court canvassed Ratner about each updated aspect of the judgment. The court and Ratner specifically discussed whether the defendant's bankruptcy action had been dismissed. The trial court file reveals that Ratner filed an appearance on behalf of the defendant on January 8, 2008, and there is no indication that the defendant ever filed an appearance in the trial court in lieu of or in addition to Ratner's appearance in the present matter prior to that proceeding. On this record, and considering this procedural history, we cannot conceive of a factual or legal basis that would allow us to conclude that this appeal was taken for anything other than dilatory purposes. See *Glenfed Mortgage Corp.* v. *Crowley*, 61

---

[6] For example, in some circumstances, a trial court may be required to inquire as to whether a conflict of interest exists in the representation of a criminal defendant, where conflict free representation is of "constitutional dimension." *In re Christina M.*, 280 Conn. 474, 488–89, 908 A.2d 1073 (2006). Even in that context, however, it is well established that "[t]rial courts necessarily rely in large measure upon the good faith and good judgment of defense counsel." (Internal quotation marks omitted.) Id., 490. "[I]t is a high threshold that must be satisfied before the trial court affirmatively must inquire as to whether a conflict exists." Id.

Conn. App. 84, 88–89, 763 A.2d 19 (2000); *Wilton* v. *McGovern*, 33 Conn. App. 517, 520, 636 A.2d 870, cert. denied, 228 Conn. 929, 640 A.2d 116 (1994); *Connecticut National Bank* v. *Zuckerman*, 31 Conn. App. 440, 442, 624 A.2d 1163 (1993). The appeal must be dismissed.

We next consider whether we should grant the plaintiff the extraordinary relief it has requested, which is to dismiss the appeal nunc pro tunc.[7] Neither this court nor our Supreme Court has dismissed an appeal from a foreclosure judgment nunc pro tunc in a published decision. A discussion of the law of foreclosure is useful. Generally, foreclosure means to cut off the equity of redemption, the equitable owner's right to redeem the property. See *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). "Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks . . . to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. *Cook* v. *Bartholomew*, 60 Conn. 24, 27, 22 A. 444 (1891)." *Barclays Bank of New York* v. *Ivler*, supra, 166. The holder of the equity of redemption has until the passing of his law day to redeem the premises. Law days are set for subsequent encumbrancers in the inverse order of their priorities thereafter. The effect of the passing of the law day is that such right to redeem the premises is cut off and title to the property becomes unconditional in the

---

[7] "The underlying principle on which judgments nunc pro tunc are sustained is that such action is necessary in furtherance of justice and in order to save a party from unjust prejudice . . . caused by the acts of the court or the course of judicial procedure. In other words, the practice is intended merely to make sure that one shall not suffer for an event which he could not avoid. . . . *Ireland* v. *Connecticut Co.*, 112 Conn. 452, 454, 152 A. 614 [(1930) (ordering interest paid nunc pro tunc when trial court erroneously granted motion to set aside verdict)]." (Citation omitted; internal quotation marks omitted.) *Gary Excavating Co.* v. *North Haven*, 163 Conn. 428, 430, 311 A.2d 90 (1972) (ordering interest on judgment paid nunc pro tunc).

encumbrancer. See *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 25, 179 A. 339 (1935). "[L]aw days are ineffective pending the [appellate] stay because to treat them otherwise would carry out the judgment in violation of the stay." *RAL Management, Inc.* v. *Valley View Associates,* 278 Conn. 672, 683–84, 899 A.2d 586 (2006). Accordingly, when this court dismisses an appeal from a judgment of strict foreclosure, we remand to the trial court for the purpose of setting new law days. *Connecticut National Bank* v. *Zuckerman,* supra, 31 Conn. App. 442; see also *Dreambuilders Construction, Inc.* v. *Diamond,* 121 Conn. App. 554, 564, 997 A.2d 553 (2010) (affirming judgment and remanding for purpose of setting new law day); *Chase Home Finance, LLC* v. *Fequiere,* 119 Conn. App. 570, 580, 989 A.2d 606 (same), cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

The plaintiff is, in effect, asking this court to terminate the appellate stay retroactively, which would leave this case in a posture as if the law days had run as ordered beginning on September 21, 2010. The plaintiff maintains that this result is necessary to save the plaintiff from unjust prejudice because it would be inequitable for this court to permit the defendant to continue to delay the running of the law days. The plaintiff cites cases for the proposition that a bankruptcy court has the authority to grant retroactive relief from the automatic bankruptcy stay, but cites no authority supporting its position that an appellate court can grant such relief, in effect, by dismissing an appeal nunc pro tunc.

Although we recognize that "[a] foreclosure action is an equitable proceeding," we also recognize that "[t]he determination of what equity requires is a matter for the discretion of the *trial court.*" (Emphasis added; internal quotation marks omitted.) *Webster Trust* v. *Mardie Lane Homes, LLC,* 93 Conn. App. 401, 405–406, 891 A.2d 5 (2006). Practice Book § 61-11 (c) provides

in relevant part that "[i]f *the judge who tried the case* is of the opinion that (1) an extension to appeal is sought, or the appeal is taken, only for delay or (2) the due administration of justice so requires, the judge may at any time after a hearing, upon motion or sua sponte, order that the stay be terminated." (Emphasis added.) The trial court's decision to terminate an appellate stay is subject to review only pursuant to a timely motion for review. *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 763, 931 A.2d 378 (dismissing as moot appeal from discharge of judgment lien when defendant did not file motion for review of order terminating appellate stay), cert. denied, 284 Conn. 934, 935 A.2d 151 (2007); see also *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 761, 966 A.2d 239 (2009); Practice Book § 61-14.[8]

A dismissal nunc pro tunc not only would affect the defendant's right to redeem, but also would affect the rights of subsequent encumbrancers, whose interests would be foreclosed by the running of the law days subsequent to the law day set for the defendant.[9] Our rules of practice and well established precedent provide a party with a means to obtain from the trial court relief from an appellate stay. The plaintiff did not pursue this relief adequately,[10] and we decline to afford it the extraordinary relief it has requested.

---

[8] Practice Book § 61-14 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. Execution of an order of the court terminating a stay of execution shall be stayed for ten days from the issuance of notice of the order, and if a motion for review is filed within that period, the order shall be stayed pending decision of the motion, unless the court having appellate jurisdiction rules otherwise. . . ."

[9] At oral argument, the plaintiff represented to this court that it had obtained from the other defendants of record a stipulation that each would not object to the relief from the appellate stay being granted nunc pro tunc, which stipulation was filed with the trial court in February, 2011. See footnote 10 of this opinion.

[10] In November, 2010, after the law days had passed, the plaintiff filed a motion to terminate the appellate stay pursuant to Practice Book § 61-11

The appeal is dismissed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

(d). The trial court did not act on the plaintiff's motion, and the plaintiff failed to pursue it further. This court, consequently, is without a trial court decision to review. "It is well settled that [an appellate] court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." (Internal quotation marks omitted.) *Appliances, Inc.* v. *Yost*, 186 Conn. 673, 676–77, 443 A.2d 486 (1982); cf. *Webster Trust* v. *Mardie Lane Homes, LLC*, supra, 93 Conn. App. 404 n.6 (noting that this court granted defendant's motion for review and vacated trial court's ruling terminating appellate stay).